THE ·

# New York Supplement.

## VOLUME 23.

(3 Misc. Rep. 518.)

### BAUMANN v. LIBETTA.

(Common Pleas of New York City and County, General Term. May. 8, 1893.)

CHATTEL MORTGAGES—RECITALS AS TO RESIDENCE—ESTOPPEL.
Under Laws 1833, c. 279, providing that every chattel mortgage shall be filed in the city where the mortgagor shall reside at the time of the execution thereof, such filing is essential to the validity of the mortgage; and a recital in the mortgage as to the residence of the mortgagor will not estop a bona fide purchaser of the mortgaged chattels to show that such place was not the residence of the mortgagor.

Appeal from ninth district court.
Action by Samuel Baumann against Carlo Libetta. There was a judgment for defendant, and plaintiff appeals. Affirmed.
Argued before BOOKSTAVER and BISCHOFF, JJ.

George Hahn, for appellant.
Ullo, Ruebsamen & Cochran, for respondent.

BOOKSTAVER, J. This action was brought to recover the sum of $100, alleged to be the value of certain carpets and other articles of furniture claimed by the plaintiff to be his property, and to have been converted by the defendant. The answer was a general denial. From the return it appears that the plaintiff's assignor was a retail dealer in furniture in the city of New York. On the 4th January, 1892, one Ferdinand Servat bought of plaintiff's assignor the articles in question for the sum of $249.90, and directed that the goods should be sent to No. 131 West Twenty-Third street, New York city. Servat at the time paid on account of the purchase the sum of $40, and executed a chattel mortgage on the goods to the plaintiff's assignor to secure the payment, in installments, of the remainder of the purchase money. This mortgage was afterwards, and before the commencement of this action, assigned to the plaintiff; and the same was filed in the office of the register of the city and county of New York, but no copy was at any time filed in Kings county. It further appears that the pur-

v.23 N.Y.s. no.1—1

chaser had a place of business at No. 131 West Twenty-Third street, in the city of New York, but at no time lived there, or had any residence in the city and county of New York, but lived, with his family, in the city of Brooklyn, in the county of Kings. On the 19th April, 1892, the purchaser sold his business and the ·goods sued·for in this action to the defendant herein and one Dell Aquila, for the sum of $1,600, which was the full value of the business and the goods. That the purchase was made in good faith, and without any knowledge of the existence of the mortgage on the part of the purchasers; and that subsequently the said Dell Aquila sold his interest to the wife of the defendant. After this sale by Servat he failed to pay the installments due under the mortgage, and was in arrears therefor. The defendant took possession of the goods at the time of the sale, and remained in possession until the commencement of this action, and the plaintiff demanded the goods from him before it was commenced, and he refused to deliver them.

The mortgage itself recites that Servat, at the time of making the mortgage, resided in the city and county of New York; and it is now claimed that this estops the defendant from claiming that it was not the actual residence of his grantor, Servat. But the Laws of 1833, c. 279, relating to the filing of chattel mortgages, provide that the mortgage shall be filed in the city where the mortgagor shall reside at the time of the execution thereof. This residence was determined by the judge who tried the case to have been at the time in the city of Brooklyn, county of Kings; and, indeed, he could not have found otherwise from the evidence. The statute is so direct in its language as to admit, in our judgment, of no other conclusion than that arrived at by the justice below. This very question has been before the United States circuit court for this circuit; and Blatchford, J., in the course of his decision, stated that "the statute had imposed a rigid and unbending condition, to wit, a filing in the place where the mortgagors actually reside, as a preliminary to the validity of the mortgage. Whether this condition is wise or not; whether convenient or difficult of performance,—is not for the courts to say. The statute exacts it, and the courts must see that it is performed." Platt v. Stewart, 13 Blatchf. 481, which was affirmed by the supreme court of the United States in 101 U. S. 737. Nor will the fact that the mortgage itself recited that the mortgagee was a resident of the city and county of New York take the case out of this rule. This was expressly held by Nelson, C. J., in Chandler v. Bunn, Lalor, Supp. 167, where he said: "The recital of the residence in the mortgage seems to be of no importance, and might, for the matter of security, be omitted altogether." It certainly was no notice to the defendant, whom the justice below held to have purchased in good faith. He was not bound to look to any other city or county than the one in which the mortgagor resided to ascertain whether or not a mortgage had been filed. The law imposed no such duty upon him. Besides, the recital in the mortgage was nothing more than a declaration of the mortgagor as to his residence, and the declarations of mortgagors of personal property are not evidence against a

bona fide purchaser of such property.    Marsh v. Kinney, 11 Wkly. Dig. 144;  Hurd v. West, 7 Cow. 752; Whitaker v. Brown, 8 Wend. 490;  Latimer v. Lord, 17 Wkly. Dig. 516.

The judgment should therefore be affirmed, with costs.