## JACOBS v. CALLAN.

(Supreme Court, Appellate Division, Third Department. March 8, 1911.)

1. VENUE (§ 72*)—CHANGE—EVIDENCE—SUFFICIENCY.

Evidence on a motion to change a place of trial from A. to C. county *held* to show that defendant resided in A. county, and that plaintiff resided there also, or, if not, that her place of residence was not shown.

[Ed. Note.—For other cases, see Venue, Cent. Dig. § 127; Dec. Dig. § 72.*]

2. VENUE (§ 28*)—RESIDENCE.

For purposes of venue in an action on contract, a person does not reside at a place where he takes an occasional meal, but has no rooms and never sleeps there.

[Ed. Note.—For other cases, see Venue, Cent. Dig. § 42; Dec. Dig. § 28.*]

3. VENUE (§ 18*)—PLACE OF TRIAL—CONTRACT ACTION.

Where defendant in an action for breach of contract resided in C. county, and plaintiff also resided there, or it was not shown where she resided, the cause should be tried in C. county.

[Ed. Note.—For other cases, see Venue, Cent. Dig. § 32; Dec. Dig. § 18.*]

Houghton, J., dissenting.

Appeal from Special Term, Albany County.

Action by Clare L. Jacobs against Peter J. Callan. From an order denying his motion to change the place of trial, defendant appealed. Reversed, and motion granted.

Argued before SMITH, P. J., and KELLOGG, SEWELL, BETTS, and HOUGHTON, JJ.

Neile F. Towner, for appellant.
Edgar T. Brackett, for respondent.

. BETTS, J. This action was commenced on or about August 12, 1910, by personal service of the summons upon the defendant. In the summons the venue was laid in Columbia county. The complaint was served on August 30, 1910. In it the venue was laid in Albany

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

county. The action was brought for damages occasioned by an alleged breach of contract or contracts on the part of the defendant. The title to real estate is not involved.

It was held in Tolhurst v. Howard, 94 App. Div. 439, 88 N. Y. Supp. 235, that the place of trial named in the complaint controls the venue under circumstances practically similar to those arising here. An amended answer was served October 31, 1910, at which time the defendant demanded that the place of trial be changed to the proper county, viz., the county of Columbia. The motion is made on the ground that Columbia county is the proper county for the trial of the action; the defendant alleging that both the plaintiff and the defendant resided in Columbia county at the time of the beginning of the action.

There is no doubt, from an examination of the record here, that the defendant resided in the county of Columbia, within the meaning of section 984 of the Code of Civil Procedure, at the time of the commencement of this action. His affidavit shows that he has resided continuously at Valatie, in said county, since 1900, and during all that period he has maintained a house there, which has been occupied by himself and his family; that his son, who resides with him, has been a member of Assembly from Columbia county for two years last past; and that the defendant during all such period has been registered and voted in said village of Valatie, including the election on November 8, 1910; but he has temporarily occupied apartments and houses at other places prior to, but not since, April 1, 1908.

As to where plaintiff resided at the time of the beginning of the action, her affidavit is that she is a resident of the city and county of Albany, and has been a resident of said city and county since the year 1900, when she married Henry R. Jacobs, who also has been a resident of said city during all of said period. She then recites various places where she and her husband have resided together in said city since her marriage, and finally states:

"That during the years 1909 and 1910 deponent and her said husband resided at the Hotel Hampton in said city; that after the 10th day of January, 1910, deponent and her husband did not maintain an apartment at Hotel Hampton, but took a great many of their meals there, and made it their headquarters while in Albany almost daily, attending to their business in connection with the building of the Clinton Theater."

Her husband Henry R. Jacobs' business has been the management of theaters in the city of Albany, and he was contemplating the erection of a theater on Clinton avenue and North Pearl street in said city during the year 1909. Early in September, 1910, he took a lease of a theater in the city of Troy, and was managing the same at the time this motion was made.

The defendant Callan's affidavit shows that the plaintiff at the time of the commencement of this action resided with her husband, Henry R. Jacobs, in the village of Valatie, Columbia county. The manager and clerk of the Hotel Hampton swear that neither the plaintiff nor her husband maintained any apartment or room at the Hotel Hampton since January 10, 1910, nor occupied any room overnight in said hotel since that time.

One Edwin D. Howe's affidavit shows that plaintiff purchased a farm and dwelling house adjoining his premises in said village of Valatie about three or four years ago, and that they have occupied the said premises continuously, except two or three months in the winter, "but that since January 1, 1910, to the best of deponent's recollection, said Clare L. Jacobs and Henry R. Jacobs, her husband, have lived continuously in said premises, and the same have been open for them;" that Henry R. Jacobs registered in October, 1909, and voted in November, 1909, in Valatie; and that he was also registered from said residence October 15, 1910.

Plaintiff's affidavit shows that she purchased a farm at Valatie in 1904, and she and her husband have spent their summer vacations at said farm each year since that time, but denies that she has a residence at Valatie, except as a temporary abode during the summer months and vacation period.

It will thus be seen that she places her residence at the time of the beginning of the action, August 12, 1910, as at the Hotel Hampton, while the manager and clerk swear that she has no rooms there, and has had none since the 10th of January, 1910. Her evidence is that she resides with her husband, and his residence is shown to have been in Valatie for the purpose of voting in 1909, and registering in 1910, in October.

My conclusion is that, under Washington v. Thomas, 103 App. Div. 423, 92 N. Y. Supp. 994, both parties resided in Columbia county at the time of the commencement of this action. One cannot well reside where they take an occasional meal, have no rooms, and never spend a night.

We think the order should be reversed, and the motion granted, changing the place of trial to Columbia county, on the ground that the defendant certainly resided there, and, if the plaintiff did not reside there at the time of the commencement of the action, her papers fail to disclose where she did reside.

Order reversed, with $10 costs and disbursements to the defendant, and motion granted, with $10 costs to abide the event of the action. All concur, except HOUGHTON, J., who dissents.