## In re McCRORY STORES CORPORATION.

District Court, S. D. New York.

March 25, 1937.

Rosenberg, Goldmark & Colin, of New York City, for trustee.

Ernst, Gale, Bernays & Falk, of New York City, pro se.

Root, Clark, Buckner & Ballantine, of New York City (John M. Harlan and Leslie H. Arps, both of New York City, of counsel), for Chain Store Products Corporation.

PATTERSON, District Judge.

The question is whether attorneys who have prosecuted two separate claims in behalf of a client against an estate in course of reorganization under section 77B of the Bankruptcy Act (11 U.S.C.A. § 207), and who have been paid in full for services in prosecuting one of the claims, have an attorney's lien against that claim for unpaid compensation in respect to services in prosecuting the other claim.

McCrory Stores Corporation was adjudicated bankrupt in January, 1933. In July, 1934, the case was converted into one for reorganization under section 77B of the Bankruptcy Act. Chain Store Products Corporation had several claims against the

McCrory Company and engaged Ernst, Gale & Bernays as attorneys to realize on them. The attorneys caused proofs of claim to be filed. For present purposes there is no need to mention the original character of the claims or to follow the claims in their later evolution. Suffice it to say that by December 31, 1935, the Chain Store concern had two claims against the McCrory Company: the one was an ordinary claim for goods sold and delivered prior to bankruptcy, which claim had already been allowed at $16,086.55; the other was a claim on an option to purchase new shares of stock in the McCrory Company in event of reorganization. The claims had had no common origin and had never been set forth in a single proof of claim.

For all services rendered prior to December 31, 1935, the attorneys had been paid in full by the client. From that time forward they rendered no services in connection with the claim for goods sold and delivered; no further services on that claim were required. A controversy having later arisen between the client and the McCrory Company over the number of shares of new stock covered by the option, the attorneys rendered services beneficial to the client in that controversy. The client drew down the new shares to which it was entitled, without detainer or claim of lien by the attorneys. A difference of opinion as to the value of these final services having developed, the attorneys gave notice of an attorney's lien against the claim for goods sold and delivered. Thereupon the client made application, on notice to the attorneys, for an order directing payment to it of the proceeds of the claim without deduction. The claim was ripe for payment, and the only question was whether the attorneys had a lien against it. The special master to whom the matter was referred took the view that for services rendered in prosecuting the claim for the new stock the attorneys had no lien on the claim for goods sold and delivered. I am of the same opinion.

The attorneys' lien given by the New York Judiciary Law (Consol.Laws, c. 30), § 475[1], may be availed of by an attorney who files and prosecutes a proof of claim for a creditor in a bankruptcy proceeding in this district. In re Baxter & Co., 154 F. 22 (C.C.A.2); In re United Cigar Stores Co. of America, 9 F.Supp. 149 (D.C.N.Y.). The lien being a matter of substantive law created by a statute of New York, the bounds placed on it by authoritative decisions of the New York courts are bounds on it here. The statutory lien is the same as the attorney's charging lien at common law, except that by force of the statute the lien attaches to the client's cause of action or claim from commencement of suit instead of merely on the cause of action or claim when reduced to judgment. Matter of Heinsheimer, 214 N.Y. 361, 108 N.E. 636, Ann.Cas.1916E, 384. The theory is that the attorney by skill and labor has produced the recovery and hence should have a lien on it for his pay. It is the rule that the lien covers only the amount owing to the attorney for services rendered in the particular suit. Matter of Heinsheimer, supra. If, then, an attorney prosecutes a number of suits for a client, the lien given him by law on the recovery in any one suit is only for his compensation in that suit, not for his compensation in all of them. Williams v. Ingersoll, 89 N.Y. 508.

Where an attorney files several proofs of claim for one client in a bankruptcy proceeding, the claims being on independent matters, the reason of the thing gives him a lien on each claim for services rendered in pushing that claim and bringing it to realization, but not for services in pushing the other claims. In bankruptcy the filing of a proof of claim is "the commencement of an action or special proceeding," from which time the lien attaches. Where several claims for a creditor are attended to by an attorney and several proofs of claim filed, as likely as not at different times, it seems clear that the lien on each claim, starting as it does from

---

[1] "§ 475. *Attorney's lien in action or special proceeding.* From the commencement of an action or special proceeding in any court or before any state department, except department of labor, or the service of an answer containing a counterclaim, the attorney who appears for a party has a lien upon his client's cause of action, claim or counterclaim, which attaches to a verdict, report, determination, decision, judgment or final order in his client's favor, and the proceeds thereof in whatever hands they may come; and the lien cannot be affected by any settlement between the parties before or after judgment or final order. The court upon the petition of the client or attorney may determine and enforce the lien."

694

the date of filing, is to secure compensation for services peculiar to that claim. The present case then is analogous to the Williams Case, where the attorney commenced several actions for a client. Whether the result would be the same where several independent claims are presented under a single proof of claim against the insolvent estate need not be considered.

To secure their compensation for services rendered in obtaining for their client the new stock claimed by the client, the attorneys had a lien on the stock. That lien they waived when they permitted the shares to pass from the McCrory Company to their client. For the services so rendered the law does not give them a lien on the client's other claim or on the proceeds of that claim.

The burden of the attorneys' argument is that all their services were rendered in one proceeding, the McCrory insolvency, and that, while the two claims were in a sense separate, the situation is the same as where in an ordinary action at law two separate causes of action on contract are combined in a single complaint. It may be granted that in such an action the attorneys' lien on any one cause of action would probably cover all services in the action. But the analogy between such a case and the case of separate proofs of claim in a bankruptcy proceeding is not a sound one. In bankruptcy the attorney for a creditor does not acquire a lien on the filing of the bankruptcy petition, and he certainly does not at any time have a lien on the general assets of the estate. So far as he and his lien are concerned, the "commencement" of the action or proceeding referred to in the New York statute providing for an attorney's lien is the filing of the proof of claim, and the lien is only on the claim and later on the fund allocated to payment of the claim. In fact, the action or proceeding in the sense of the statute is not the bankruptcy proceeding as a whole, but is the proceeding initiated by the filing of the proof of claim.

The attorneys say further that, if the lien given them by general law is not broad enough to cover compensation for services rendered in prosecuting another claim, there was in this case a special agreement whereby they were to have a lien on each claim to cover services rendered as to all claims. Where attorney and client agree that to secure his pay for work done in a number of cases the attorney shall have a lien on the recovery in any one case, the agreement gives rise to an equitable lien or assignment of corresponding scope. Williams v. Ingersoll, supra. The record, however, does not show that any such agreement was made in this case. It appears that the attorneys in 1934 and 1935 informed the client that they had a lien on all claims filed and that they would look to the liens for payment if they could not get payment otherwise, to which the client made no answer. This was nothing more than a statement by the attorneys that the law gave them liens and that they would rely on such liens if the client did not pay voluntarily.

In conclusion, there was no lien against the claim for goods sold to cover compensation for work done on that claim, for the reason that the attorneys had been paid in full for such work. There was no lien against that claim for unpaid compensation for work done in connection with the other claim, for the reason that the lien given by law to an attorney on the client's claim against an estate in bankruptcy is not broad enough to cover work done for the client on an independent claim against the same estate. There was no agreement enlarging the lien. For anything still due them the attorneys must take other measures.

The report of the special master will be confirmed. The costs of the proceedings will be paid out of the proceeds of the claim. The balance of the proceeds will be paid to Chain Store Products Corporation, and costs, including fee of the special master, will be taxed against Ernst, Gale, Bernays & Falk.