## In re EICHHOLD.

District Court, S. D. New York.
Jan. 24, 1939.

Lawrence Silver, of New York City, for trustee.

Robinson & Henson, of New York City (Roy G. Peterson, of New York City, of counsel), for Continental Mills.

PATTERSON, District Judge.

Continental Mills filed proof of claim for $1,992.33. The trustee in bankruptcy made a motion that the claim be rejected on the ground that the claimant had re-

285

ceived a voidable preference which had not been surrendered. The trustee made a similar motion to reject a claim filed by Berkshire Fine Spinning Associates, and the two matters were tried together. The referee granted the motion directed against Berkshire Fine Spinning Associates but denied it as to Continental Mills. Only the case between Continental Mills and the trustee is presented for review at this time.

The bankrupt filed petition in bankruptcy on February 21, 1931. He was a manufacturer of handkerchiefs. In the fall of 1937 the market took a sharp decline, and the bankrupt became unable to meet his bills as they matured. At about the same time an action was brought against him for $57,000 on a promissory note which he had endorsed. The concern that factored his accounts indicated that it would do no more financing and suggested that he liquidate. On January 28, 1938 he made a payment of $1,783.57 to Continental Mills on account of a debt of $4,300. He was insolvent at the time of this payment. The only issue seriously disputed was whether Continental Mills had reasonable cause to believe at the time that the bankrupt was then insolvent and that consequently the payment would effect a preference. All the other elements of a voidable preference were established beyond controversy. The referee held that there was no substantial evidence to indicate that such reasonable cause to believe existed. Consequently he held that no voidable preference under section 60b of the Bankruptcy Act, 11 U.S. C.A. § 96(b), had been shown, and he denied the motion to expunge the claim.

In my opinion the testimony of Banks, an employee of the claimant, shows that the claimant had reasonable cause to believe that the bankrupt was insolvent and that the payment would result in a preference. Banks was the manager of the claimant's New York office and its selling agent here. He testified that he attended a meeting on January 14, 1938 which was called by the credit manager of the Berkshire company for a discussion of the bankrupt's affairs; that prior to the meeting the claimant's account was long overdue and that he had been pressing for payments and had received nothing but promises; that the meeting was attended by the bankrupt's lawyer, by his accountant, by a representative of the factoring concern, and by a lawyer for the Berkshire company; that there was discussion about the market in handkerchiefs having dropped, about business being bad, about the bankrupt's total indebtedness, about whether the bankrupt "would be able to go along, in the sense that he had been ill;" that although he went to the meeting to get a complete picture of the bankrupt's affairs, he did not get one. He got the impression that the books were not posted to date, and that the bankrupt's accountant was not working on them any more. It was determined at the meeting that the Berkshire company and Continental Mills would put an accountant of their own choice on the books. The payment in question was made some two weeks later.

The case is governed by Pender v. Chatham Phenix National Bank & Trust Co., 2 Cir., 58 F.2d 968. The facts there were comparable to those in the present case. It was held that the circumstances known to the creditor sufficed to put it on inquiry touching the debtor's insolvency and that adequate inquiry would have disclosed insolvency. Here the claimant knew that the debt was overdue; it had been pressing for payment without success; its representative attended a meeting to discuss the debtor's condition and must have known from what he heard discussed that there was a strong chance that the debtor would not be able to continue in business. These facts were enough to put the claimant on inquiry as to the debtor's financial condition, and an adequate inquiry would have shown that the debtor was insolvent. The claimant had reasonable cause to believe that the payment would effect a preference.

An order of the referee is presumptively correct and will be reversed only when the court is fully satisfied that error has been committed. General Order 47; In re Gordon & Gelberg, 2 Cir., 69 F.2d 81; In re Byrd Coal Co., 2 Cir., 83 F.2d 190. But where there is no conflict in evidence to be resolved, the question being merely as to the proper deduction or inference to be made from undisputed facts, the ruling of the referee does not carry great weight. Ohio Valley Bank v. Mack, 6 Cir., 163 F. 155, 24 L.R.A.,N.S., 184; Walter v. Atha, 3 Cir., 262 F. 75. That is the situation here. The referee's order will be reversed, the trustee's motion granted and the claim of Continental Mills expunged.