## In re WILSHIRE PROFESSIONAL BLDG., Inc.

United States District Court
S. D. New York.

Feb. 5, 1951.

---

Charles Seligson, New York City, for debtor.

Alexander Bicks and Asa S. Herzog, New York City, for trustee.

Copal Mintz, New York City, for claimant. Max Perl.

GODDARD, District Judge.

Petition to review an order of the referee in bankruptcy.

Max Perl, by notice of motion dated May 25, 1950, moved this court for (1) leave to amend his notice and proof of claim herein for $333.32 by adding thereto the sum of $10,000 for money allegedly loaned in March, 1947 plus $2,600 for moneys allegedly loaned to the debtor in 1948, or (2) an order impressing a trust on the claim filed herein by Louis Perl or on so much thereof as the proof would show is not represented by loans by Louis Perl to the debtor but is predicated on the aforesaid loans by Max Perl, and (3) such other further and different relief as may be just in the premises.

The trustee denied the material allegations of the claimant Perl's petition and prayed that the petition be dismissed with costs. The motion was referred to the referee in bankruptcy who held hearings and then filed a memorandum decision, findings of fact, and conclusions of law. He denied the motion to amend but ruled that since the claimant had shown prima facie that a $10,000 claim against the debtor had been assigned to claimant by one Broxmeyer, the original bar date should be extended from July 15, 1949, the date fixed by the judge, so that the claimant could make a claim based upon this alleged assignment. The referee also found as a fact that there was no consideration for the cheques upon which the claimant's original claim for $333.32 is based.

After the referee's order was entered, petitions to review were filed by both the trustee and the claimant. The claimant seeks to have reversed both the referee's finding that there was no consideration for the cheques that are the basis of his original claim and the referee's ruling denying his motion to amend this original claim by adding claims for $10,000 and $2,600. The trustee seeks to have sustained the referee's findings as to the alleged loan of $333.32 and his ruling denying the aforesaid motion to amend but to have reversed the ruling that the claimant's time to file a claim be extended.

The referee's findings of fact may not be reversed unless they are clearly erroneous. General Order 47, 11 U.S.C.A. following § 53. Since there is ample evidence to support the referee's findings that there was no consideration for the cheques which are the basis of the original claim for $333.32 and that the loans amounting to $10,000 and $2,600 were to Broxmeyer personally and not to the debtor, and his ruling denying the motion to amend, they are therefore confirmed.

The claimant also seeks final adjudication of his claim on the merits at this time. However, as the referee indicated, there has not been sufficient evidence presented to enable the court to make such a final adjudication now.

I think that the contention that the referee lacked the power to extend the time set by the judge within which claim must be filed must be sustained. Section 196 of the Bankruptcy Act, 11 U.S.C.A. § 596, provides "After the approval of the petition the *judge* shall prescribe the manner in which and fix a time within which the proofs of claim of creditors * * * may be filed". [Italics supplied.]

Section 119 of Chapter X of the Act, 11 U.S.C.A. § 519, provides "Whatever under this chapter, the court is required or permitted to fix a time for any purpose, the court may upon cause shown extend such time."

The word "court" used in Section 119 is defined in Section 1(9) of the Act, 11 U.S.C.A. § 1(9), to mean judge or referee of the court of bankruptcy. This is made applicable to corporate reorganization proceedings by Section 102, 11 U.S.C.A. § 502. Claimant urges that under Section 119 the referee is given authority to extend the time originally set by the judge. However, the judge was required under Section 196 to fix the time in the first instance. Having done so, he is the one who may grant an extension. Having expressly provided in Section 196 that after approval of the petition, the judge must fix the time in which proofs of claim may be filed, it does not seem likely that Section 119 was intended or should be interpreted as authorizing the referee to extend the time set by the judge. For if it was important enough to require the judge to fix the original date, it would seem to me equally important for him to pass upon any extension of the time fixed by him.

This appears to be a matter reserved for the judge within the meaning of Section 117, 11 U.S.C.A. § 517, which provides that "The judge may, at any stage of a proceeding under this chapter, refer the proceeding to a referee in bankruptcy to hear and determine any and all matters not reserved to the judge by the provisions of this chapter, or to a referee as special master, to hear and report generally or upon specified matters."

I shall therefore consider the referee's grant of an extension of the bar date as a recommendation only and I accept his recommendation so that this claimant may have an opportunity to present his claim. It is true that claimant originally filed his claim against Ansonia House, Inc., another of Broxmeyer's corporations, also in bankruptcy, whose financial affairs were entangled with those of the debtor. But he says he did so in reliance upon the advice of Broxmeyer and without the advice of a lawyer and that when he later discovered that his claim should have been made against the Wilshire Professional Building, he made the present motion. One of the chief purposes of a bar date is to enable receivers or trustees to dispose of the property, but not to forfeit the rights even of dilatory creditors. An extension of the bar date should not be denied unless the result of allowing the claim would be to destroy intermediate interests that arose on the faith of the creditor's inaction. Employers' Liability Assurance Corporation v. Astoria Mahogany Co., Inc., 2 Cir., 6 F.2d 945.

No such interests would be harmed by allowing this claim. No one was misled by the claimant's late application. When the plan was confirmed, no one knew how much the general creditors would receive. Since the confirmation was in no way induced or affected by the claims as filed, this claimant should not be deprived of an opportunity to present his claim.

Settle order in accordance with above on notice.