MARINE MIDLAND TRUST COMPANY OF BINGHAMTON, Plaintiff, v. ROBERT DUGAN, Defendant.

Supreme Court, Special Term, Cortland County, March 14, 1952.

*Chandler Y. Keller* for plaintiff.
*Richard C. Lounsberry* for defendant.

ZELLER, J. By separate motions each party seeks judgment pursuant to rule 113 of the Rules of Civil Practice. The facts are not in dispute but the parties do not agree on the conclusion to be drawn from the facts.

E. Howard Cummings owned premises known as 56 Central Avenue, Owego, New York, which consisted of an automobile showroom and garage on the main floor and apartments on the second floor. Cummings operated an auto sales and service station on the premises under the name of " Cummings Motor Sales " and he and his wife for a time lived in one of the apartments. In December, 1949, Cummings sold the premises but continued to conduct his business there until December, 1951. During the month of August, 1950, Cummings and his wife vacated the apartment and moved into a cottage on the shore of Cayuga Lake in Tompkins County which Cummings had purchased in 1948. Cummings lived in that cottage approximately one year and then moved to an address in Ithaca, New York. After moving to Tompkins County, Cummings, on many occasions, listed his residence as 56 Central Avenue, Owego, New York. In October, 1950, he personally registered as a voter residing at 56 Central Avenue, Owego.

On July 16, 1951, Cummings registered a 1951 Plymouth automobile in his name and listed his residence on the form as 56 Central Avenue, Owego, N. Y. On July 19, 1951, a conditional sales contract for this automobile executed by Cummings to the Cummings Motor Sales was filed with the Tioga County Clerk at Owego. On July 31, 1951, Cummings visited the Union-Endicott Branch of the plaintiff and, although never before a borrower there, applied to the manager of the personal loan department for a loan of $1,596 for the alleged purpose of improving his home in Owego. Cummings offered the same automobile for security and exhibited the registration therefor. An application statement, partly printed, was partially filled out in ink and signed by him. In the space opposite the printed words " Residence Address " was written " 56 Central Avenue Owego ". " How Long There " was not answered. Many other items such as " Address of Nearest Relative ", " Creditors To Whom I am Indebted ", " Unpaid Balance, Mortgages and Liens on Property to be * * * Mortgaged " were given no answers. Opposite the printed words " Address of Real Estate Owned " was written " 56 Central Avenue Owego ". A limited investigation would have disclosed this latter answer to have been false and might have induced the plaintiff to further investigate. However, the loan

was immediately approved, the money paid to Cummings, and a chattel mortgage of the automobile executed by him. It was filed with the Tioga County Clerk at Owego on August 10, 1951.

On August 17, 1951, the defendant purchased the same automobile from Cummings for the sum of $2,038.50. The defendant did not know at that time that the plaintiff had any lien on the automobile. That he discovered for the first time on December 13, 1951. Shortly thereafter Cummings was adjudicated a bankrupt. There is a balance due to the plaintiff on the Cummings loan of $1,197.

The plaintiff has sued to recover possession of the automobile and, by filing an undertaking in replevin and other documents, has obtained possession of it. The defendant, alleging that the chattel mortgage is invalid as to him because of improper filing, seeks a return of the automobile and a money award because of its detention by the plaintiff.

Section 230 of the Lien Law, insofar as applicable to this action, provides: " Every mortgage * * * of goods and chattels * * * is absolutely void * * * as against subsequent purchasers and mortgagees in good faith and for a fair consideration, unless the mortgage, or a true copy thereof, is filed as directed in this article ".

Section 232 provides, in part: " * * * Every other chattel mortgage, * * * or a true copy thereof, must be filed in the town or city where the mortgagor * * * resides at the time of the execution thereof ".

The statute does not provide — as it does for chattels in the city of New York at the time of the execution of the mortgage — that the mortgage must be filed in the town or city where the mortgagor *alleges* to reside. The statute does not provide that the mortgage must be filed in the town or city where the mortgagor has his principal office for the conduct of business. The statute does not provide that, unless a mortgage is filed as required, it shall be of no effect against subsequent purchasers misled by the failure to file. The statute plainly brands a chattel mortgage as " absolutely void " against subsequent purchasers unless it is filed in the town or city where the mortgagor resides at the time of the execution of the instrument. The rule has been expressed differently, thus: " A mortgage must be filed or recorded at the place prescribed by statute, and if the mortgage is recorded in the wrong place the filing is not constructive notice." (14 C. J. S., Chattel Mortgages, § 151.) It has been stated that " The statute has imposed a rigid and unbending condition, to wit, a filing in the place where

mortgagor actually resides, as a preliminary to the validity of the mortgage. Whether this condition is wise or otherwise, whether convenient or difficult of performance, is not for the Courts to say. The statute exacts it, and the Courts must see that it is performed." (*Platt* v. *Stewart,* 13 Blatchford 481, 495, affd. 101 U. S. 731.)

The courts of this State long have required strict compliance with the statute. In *Baumann* v. *Libetta* (3 Misc. 518), the mortgagor had a place of business in the city of New York but resided in the county of Kings. The mortgage, which recited that the mortgagor resided in the city of New York, was filed in the city of New York. The chattels were subsequently sold by the mortgagor to an innocent purchaser for value and, as to him, the court held the mortgage void. In *Matter of Turchin* v. *Warton* (260 App. Div. 447), the mortgagor was a resident of Westchester County but the chattels were situated in the city of New York where the mortgage was filed. As to chattels situated in the city of New York, the statute requires filing in the city of New York and in the city or town where the mortgagor alleges he resides. The chattels were attached by a judgment creditor and the court held, that because the mortgage was not also filed in Westchester County, the mortgage was void as to the judgment creditor. In *Russell* v. *St. Mart* (180 N. Y. 355), there were two mortgagors of the same chattel residing in different localities. The mortgage was filed in the town where one mortgagor resided. It was held that the failure to file in both localities rendered it absolutely void as against creditors, purchasers and subsequent mortgagors in good faith.

Where did Cummings reside at the time he executed the chattel mortgage? Residence means living in a particular locality and requires bodily presence as an inhabitant in a given place. (*Matter of Newcomb,* 192 N. Y. 238.) A person may have more than one residence (Civ. Prac. Act, § 182) but " One cannot well reside where he takes an occasional meal, has no rooms and never spends a night ", (*Jacobs* v. *Callan,* 143 App. Div. 827, 830) nor is residence affected by a person's business interests or official position (*Mills & Gibbs* v. *Starin,* 119 App. Div. 336). From the proofs submitted it is clear that Cummings resided in Tompkins County at the time of the execution of the chattel mortgage and for many months prior thereto. He had vacated the apartment he had occupied in Owego and had moved to a cottage he owned in Tompkins County. He had no place under his control or at his disposal

in Owego to which he could go and spend the night or in which he could live. His declarations that his residence was Owego are completely overbalanced by his overt acts.

Neither the case of *General Motors Acceptance Corp.* v. *Barnett* (142 Misc. 192) nor that of *Orange Co. Trust Co.* v. *Merchants Acceptance Corp.* (279 App. Div. 689) is authority for the proposition that the mortgagor's declaration as to his residence is controlling regardless of where he actually resides. In the *Barnett* case (*supra*), after a trial of the issues, the court found that " aside from the recital in the conditional sales contract " the county in which the contract was filed " was the *actual physical abode of Barnett.* He had moved to this address upon the abandonment and surrender of his furnished room in New York County, where he had resided immediately prior thereto. And he had taken his personal effects directly to this address. He slept there and ate there except those meals consumed at a restaurant." (P. 195.) In other words, Barnett not only declared Nassau County to be his residence but his conduct demonstrated that it was his abode. In the instant action, regardless of Cummings' declaration, his actual physical abode at the time of the execution and filing of the chattel mortgage and for one year prior thereto was not Owego.

In the *Orange Co. Trust Co.* case (*supra*) the Appellate Division stated, "We think the seller was entitled to rely on the purchaser's declaration as to his residence *under the circumstances disclosed.*" (Emphasis furnished.) The circumstances disclosed in the record on appeal are that the mortgagor could have claimed any of several different places — including the town where the mortgage was filed — as his residence at the time he executed the chattel mortgage, that the subsequent purchaser had notice of suspicious facts calling for an inquiry which was not made and, as stated in the unreported opinion of the Justice at Special Term, the party attacking the validity of the mortgage failed to establish that the mortgagor was not residing in the town where the mortgage was filed. In the instant action Cummings had only one residence at the time he executed the chattel mortgage and it was not in the town wherein the mortgage was filed; and there were no suspicious facts known to the defendant which would make him not a purchaser in good faith.

After discovering the situation, the defendant filed an information charging Cummings with the crime of unlawfully selling mortgaged property. In the information he stated that Cummings did " sell personal property upon which there was a

valid chattel mortgage at the time of such sale''. The plaintiff's argument that this constitutes an admission by the defendant that the instrument was properly filed is without weight. As between the plaintiff and Cummings the chattel mortgage could be valid even if not filed. The defendant's statement in the criminal information is not inconsistent with his present position.

The defendant was a purchaser for value of the automobile and had no actual notice of the existence of the chattel mortgage. By failing to file the chattel mortgage in the town where the mortgagor resided, the plaintiff failed to give constructive notice of its existence.

The plaintiff's motion for judgment should be denied. The defendant's motion should be granted, the complaint should be dismissed and the defendant should be adjudged entitled to the possession of the automobile. A hearing to determine the amount of damages due the defendant because of plaintiff's detention of the vehicle should be had at the Broome County Equity Term on March 24, 1952, at ten o'clock.