### In re LOHR.
### Bankr. No. 50504.

United States District Court
E. D. New York.
June 29, 1953.

Leo Blatt, Hollis, N. Y., for petitioner on review.

William S. Brown, New York City, for trustee respondent on review.

BRUCHHAUSEN, District Judge.

The respondent, The First National Bank and Trust Company of Bay Shore, New York, seeks a review of the decision and order of the Referee in Bankruptcy herein.

The facts are conceded. On September 19, 1952, Pro-Mar Motors, Inc. and Herbert C. Lohr, later adjudged a bankrupt herein, entered into a conditional sales contract pertaining to the sale of an automobile. The purchaser agreed to discharge the unpaid balance of the purchase price, amounting to the sum of $2416.20, in installments. The contract was thereupon assigned to the respondent. Prior to payment of said balance, the said Herbert C. Lohr was adjudicated a bankrupt.

The Referee held that the conditional sales contract was void as against the trustee in bankruptcy and directed that the automobile be sold free and clear of any claim of title by the respondent. This determination was based upon a finding that the contract was not filed in the office of the Clerk of the Town where the purchaser actually resided. It is admitted that it was filed in the township other than the

one wherein the purchaser resided. The address of the purchaser as stated in the instrument was 174 Jerusalem Avenue, Hicksville, which is in the town of Oyster Bay, where the instrument was filed. It is conceded that he resided at 174 Jerusalem Avenue, Levittown, which is in the town of Hempstead. The document was not filed in the town where the purchaser resided.

■ If this dispute were confined to the seller and the purchaser, the contract would be valid even though not filed. Rivara v. James Stewart & Co., 241 N.Y. 259, 149 N.E. 851. It would seem that the case of Orange County Trust Co. v. Merchants Acceptance Corp. (Middletown Auto Distributors, Inc., v. Wilcox), 279 App.Div. 689, 107 N.Y.S.2d 925, is in this category. The same rule, however, does not apply where a creditor without notice is affected. A trustee in bankruptcy has the status of a creditor without notice. Hoffman v. Cream-O-Products Corp., 2 Cir., 180 F.2d 649. The purpose of recording and filing is to give notice to such creditor and to bind him.

■ The contention that the seller had the right to rely upon the address stated by the purchaser has no merit. The wording of the statute is controlling. In this connection it in significant to note that Section 232 of the Lien Law, McKinney's Consol. Laws, c. 33, providing for the filing of chattel mortgages, requires that the mortgage be filed in the town or city "where the mortgagor * * * alleges to reside at the time of the execution of the mortgage, and in the county where the property is situated".

Section 66 of the Personal Property Law, McKinney's Consol. Laws, c. 41, applicable to conditional sales contracts, contains a provision for filing which is wholly different than the aforementioned law affecting chattel mortgages in that it prescribes that the contract be filed "in the office of the city or town clerk in the city or town in which the buyer resides".

It is indeed unfortunate that through an innocent error of the buyer in stating his address, that the seller's successor is deprived of a claim. However, the statute is plain. It would seem under these circumstances that a seller or its assignee should investigate before accepting the address given, as was pointed out in the case of Marine Midland Trust Co. v. Dugan, 202 Misc. 847, 119 N.Y.S.2d 714.

The findings and order of the Referee are confirmed.