In the Matter of Hyman I. **LEDERMAN**, doing business as Ideal Home, **Bankrupt**.

United States District Court, S. D. New York. Dec. 2, 1954.

Dills & Schelker, New York City, for petitioner Commercial Credit Corporation.

Sidney H. Reich, White Plains, N. Y., for Trustee.

DIMOCK, District Judge.

Commercial Credit Corporation petitions for review of an order of Referee in Bankruptcy Doran which rejected its claim to an automobile which had been in possession of the bankrupt. Commercial Credit Corporation is the assignee of the seller of the automobile under a contract of conditional sale where the bankrupt was the buyer.

At the time of the execution of the conditional sale contract the buyer resided in New York City. The contract was, by mistake, filed in White Plains, Westchester County. It happened, however, that the buyer later moved his residence to White Plains where the contract had been filed. A petition in bankruptcy was later filed against him and he was ultimately adjudicated a bankrupt.

Section 65 of the New York Personal Property Law, Consol.Laws, c. 41, provides:

"§ 65. *Conditional sales void as to certain persons*

"Every provision in a conditional sale reserving property in the seller shall be void as to any purchaser from or creditor of the buyer, who, without notice of such provision, purchases the goods or acquires by attachment or levy a lien upon them, before the contract or copy thereof shall be filed as hereinafter provided, unless such contract or copy is so filed within ten days after the making of the conditional sale. This section shall not apply to conditional sales of goods for resale."

Section 70 sub. c. of the Bankruptcy Act, 11 U.S.C. § 110, provides:

"(c) * * * The trustee, as to all property, whether or not coming into possession or control of the court, upon which a creditor of the bankrupt could have obtained a lien by legal or equitable proceedings at the date of bankruptcy, shall be deemed vested as of such date with all the rights, remedies, and powers of a creditor then holding a lien thereon by such proceedings, whether or not such a creditor actually exists."

█ The title of the Commercial Credit Corporation was therefore void as against the trustee in bankruptcy unless "filed as hereinafter [in the New York Personal Property Law] provided."

The provisions of the New York Personal Property Law as to filing are contained in sections 66 and 74. Section 66 provides in part:

"§ 66. * * * Every * * * conditional sale contract * * * must be filed in the office of the city or town clerk in the city or town in which the buyer resides, if he resides within the state at the time of the execution thereof, and if not, in the city or town where the goods are first kept for use by the buyer after sale, * * *."

In this case, while the contract was filed in the filing district where the buyer eventually resided, it was never filed in the filing district where he resided at the time of the execution of the contract. The learned referee has held that the failure to file in the filing district in which at the time of the execution of the contract he had resided was fatal and that filing in the filing district in which he resided at the time of the bankruptcy did not cure the defect.

Can section 66 be construed to mean that the filing is effective so long as it is done either in the filing district where at the time of the execution of the contract the buyer resides *or* in any filing district where he subsequently is residing? I do not think so. There is no requirement that the contract must be filed in each filing district to which the buyer removes his residence even if the

seller has notice of the removal. Thus an investigator who finds that no contract has been filed in the filing district of the buyer's current residence is not safe in concluding that the buyer's title is absolute. Accordingly, if the claimant's construction of section 66 were correct, an investigator would have to search the records in every filing district where the buyer had lived since the execution of the contract. The legislature could not have intended to require any such burdensome procedure.

There is, however, a provision in section 74 of the New York Personal Property Law dealing with a new filing when the goods are removed.

That section reads in part:

"§ 74. *Refiling on removal*

"When, prior to the performance of the condition, the goods are removed by the buyer from a filing district in this state to another filing district in this state in which such contract or a copy thereof is not filed, * * * the reservation of the property in the seller shall be void as to the purchasers and creditors described in section sixty-five, unless the conditional sale contract or a copy thereof shall be filed in the filing district to which the goods are removed, within ten days after the seller has received notice of the filing district to which the goods have been removed."

 The buyer removed the car from New York City to White Plains when he changed his residence so that if the seller had received notice of the removal it would have been incumbent upon the seller, within ten days after receipt of notice, to see that the contract was filed in White Plains. If it be argued that the fact that the contract was filed there would give notice of the conditional seller's title to an investigator, the answer is that an investigator who knew that the contract was not filed in the filing district where the buyer resided at the time of the execution of the contract would have been under no obligation to make a search in White Plains or any other filing district. Any other rule would require a search in the filing district of the situs of the automobile even after it had been ascertained that there was no filing in the filing district where the buyer resided at the time of the execution of the contract. The situs of an automobile is not easy to determine, In re Bowman, D.C.N.D.N.Y., 28 F.2d 620, and the purpose of the requirement of filing on removal is to make the ascertainment of the state of the title of the goods easier rather than harder. What section 74 does in substance is to require filing in two districts instead of one where the conditional seller has notice of the removal of the goods. The filing in the district to which the goods have been removed is in addition to rather than in substitution for the filing in the district of the residence of the buyer.

 The filing of the contract of conditional sale in this case was ineffective to preserve the title of the assignee of the conditional seller as against the trustee. The order of the referee is affirmed.