**Matter of Michael MORASCO, Bankrupt.**
**I. Louis Kottler, Trustee-Appellee,**
**Mercury Dry Cleaning Equipment Co. and**
**Kaypan Dry Cleaning Machinery**
**Corp., Appellants.**

**No. 305, Docket 23884.**

United States Court of Appeals
Second Circuit.

Argued April 5, 1956.
Decided May 7, 1956.

---

12

Michael Friedman, New York City, for trustee-appellee.

Armende Lesser, New York City, for appellants.

Before FRANK, MEDINA and WATERMAN, Circuit Judges.

WATERMAN, Circuit Judge.

The bankruptcy petition of one Morasco was filed January 20, 1955. Appellant, Mercury Dry Cleaning Equipment Company, had previously sold items of dry-cleaning equipment, and the other appellant, Kaypan Dry Cleaning Manufacturing Corporation, an oil burner and equipment, to the bankrupt and a former partner of his. The purchasers executed conditional sales contracts, one to

each vendor. The partnership business was carried on in Kings County, N. Y., but the partners resided in New York and Bronx Counties. The sales apparently were made on April 28, 1953, but the contracts were not filed in the counties of residence of the purchasers until December 27, 1954, though filed in Kings County on May 13, 1954. Prior to the bankruptcy the partnership was dissolved, and Morasco's former partner is not involved in these proceedings. The appellee here was appointed trustee of the bankrupt, and petitioned the referee for an order adjudging these two conditional sales contracts to be null and void as to him, alleging that the late filing of them constituted preferential transfers under Section 60, subs. a and b of the Bankruptcy Act, 11 U.S.C.A. § 96. To prevail on his petition the trustee was required to prove that there had been transfers of property made or suffered while Morasco was insolvent, which were made on account of antecedent indebtednesses, that they were made within four months of the bankruptcy, that they had the effect of giving the transferee creditors greater percentages over other creditors, and that at the time of the transfers the creditors knew or had reasonable cause to believe that Morasco was insolvent.

The referee found all the elements of preference present except he believed that the trustee had "failed to establish

by a fair preponderance of the evidence that the two conditional sale vendors had reasonable cause to believe that on December 27, 1954 the bankrupt was insolvent." The trustee filed a petition to have this decision reviewed by the District Judge. Upon review the District Judge reversed the referee, finding all the elements of preference present that were found by the referee, and additionally finding (contrary to the referee) that the conditional sales vendors must be charged with cause to believe that Morasco was insolvent on December 27, 1954.

The conditional sales vendors appeal and present two questions to us. First, that it was error to find a "transfer" on December 27, 1954; and second, even if there were a transfer on that date it was error to hold that the trustee could set it aside on the ground that the conditional sale vendors had cause to believe Morasco was insolvent. We find no merit in either contention.

The initial consideration is when, under state law, the transfer of property has become "so far perfected that no subsequent lien upon such property obtainable by legal or equitable proceedings on a simple contract could become superior to the rights of the transferee." The pertinent portions of Section 60, sub. a of the Bankruptcy Act, 11 U.S.C.A. § 96, sub. a, are quoted more fully in the margin.[1]

---

1. § 60 sub. a (2) "* * * a transfer of property other than real property shall be deemed to have been made or suffered at the time when it became so far perfected that no subsequent lien upon such property obtainable by legal or equitable proceedings on a simple contract could become superior to the rights of the transferee. * * *"
§ 60. sub. a (7) "Any provision in this subsection a to the contrary notwithstanding if the applicable law requires a transfer of property other than real property for or on account of a new and contemporaneous consideration to be perfected by recording, delivery, or otherwise, in order that no lien described in paragraph (2) of this subsection could become superior to the rights of the transferee therein, * * * the time of

transfer shall be determined by the following rules:
"I. Where (A) the applicable law specifies a stated period of time of not more than twenty-one days after the transfer within which recording, delivery, or some other act is required, and compliance therewith is had within such stated period of time; or where (B) the applicable law specifies no such stated period of time or where such stated period of time is more than twenty-one days, and compliance therewith is had within twenty-one days after the transfer, the transfer shall be deemed to be made or suffered at the time of the transfer.
"II. Where compliance with the law applicable to the transfer is not had in accordance with the provisions of subparagraph I of this paragraph, the trans-

■ A conditional sale lien is so perfected in New York when the filing requirements of Sections 65 and 66 of New York Personal Property Law, 40 McKinney Consol. Laws, c. 41, §§ 65, 66, quoted in the margin, are complied with.[2]

■ It is clear that under New York law it was not until the contract was filed in the proper filing district that the rights of the vendors would become superior to the rights of transferees of the goods who had no actual notice of the vendors' liens. Stallknecht v. Gilbert Appliance Corp., 1932, 144 Misc. 626, 259 N.Y.S. 189, 191. And see In re Riverdale Production, Inc., D.C.S.D.N.Y.1952, 107 F.Supp. 87; In re Lohr, D.C.E.D. N.Y.1953, 113 F.Supp. 822; In re Lederman, D.C.S.D.N.Y.1954, 128 F.Supp. 303. And so, under the Bankruptcy Act the transfer took place when the proper filing in the place of residence occurred on December 27, 1954—and not until then.

■ It is similarly clear that within the meaning of Section 60, sub. a of the Bankruptcy Act a conditional sale is a transfer, Coder v. Arts, 8 Cir., 1907, 152 F. 943, 15 L.R.A.,N.S., 372, affirmed 213 U.S. 223, 29 S.Ct. 436, 53 L.Ed. 772, and that a late filing without present consideration is deemed to have been made "for or on account of an antecedent debt" of a bankrupt within Section 60, sub. a of the Bankruptcy Act, 11 U.S.C.A. § 96, sub. a. Corn Exchange Nat. Bank & Trust Co. v. Klauder, 1943, 318 U.S. 434, 63 S.Ct. 679, 87 L.Ed. 884.

This brings us to the second alleged error, i. e., admitted there was a preferential transfer, may the trustee avoid it under Section 60, sub. b of the Bankruptcy Act, 11 U.S.C.A. § 96, sub. b, which reads: "Any such preference may be avoided by the trustee if the creditor receiving it or to be benefited thereby or his agent acting with reference thereto has, at the time when the transfer is made, reasonable cause to believe that the debtor is insolvent. * * *"

The notes required payments of $233.00 each month. The only witness before the referee was the bankrupt himself, whose credibility was not questioned. There was no conflicting testimony. Morasco testified that he stopped making regular payments on the notes sometime in July or August of 1954; that he had made no payments after that date; that one Joseph Panak, the president and agent of both companies, came to see him between August and December four or five times; that Panak wanted payments whenever he came; that Morasco told him that he couldn't make any, that he had no money, that business was bad, that he was not able to pay, that he had nothing in the bank and no bank account, and that he owed people money. Morasco also testified that Panak told him 2 or 3 times during these visits that he was going to pull out the machines conditionally sold. Morasco further stated that he was out of business before he filed his bankruptcy petition on January 20, 1955, and he thought he "closed up" in the month of December.

■■ Ordinarily, when a referee in bankruptcy has made findings of fact based on conflicting evidence and the referee has actually heard the witnesses, great weight is attached to his conclusions, and they will not be disturbed un-

---

fer shall be deemed to be made or suffered at the time of compliance therewith, * * *."

2. "§ 65. *Conditional sales void as to certain persons*

"Every provision in a conditional sale reserving property in the seller shall be void as to any purchaser from or creditor of the buyer, who, without notice of such provision, purchases the goods or acquires by attachment or levy a lien upon them, before the contract or copy thereof shall be filed as hereinafter provided, unless such contract or copy is so filed within ten days after the making of the conditional sale. This section shall not apply to conditional sales of goods for resale."

"§ 66. * * * Every * * * conditional sale contract * * * must be filed in the office of the city or town clerk in the city or town in which the buyer resides, if he resides within the state at the time of the execution thereof, * *".

less "clearly erroneous." 11 U.S.C.A. following section 53, General Order 47. See In re Lozito, 2 Cir., 1940, 113 F.2d 764; In re Wilshire Professional Bldg., D.C.S.D.N.Y.1951, 98 F.Supp. 204. But where credibility of witnesses is not involved and the facts are undisputed, the District Judge and the Court of Appeals can more freely draw differing inferences from the undisputed facts. In re Gurinsky, D.C.S.D.N.Y.1951, 105 F. Supp. 42, affirmed 2 Cir., 1952, 196 F. 2d 296; In re Sandow, 2 Cir., 1945, 151 F.2d 807; In re Hedgeside Distillery Corp., D.C.N.D.Cal.1952, 123 F.Supp. 933; In re Eichhold, D.C.S.D.N.Y.1939, 27 F.Supp. 284. We agree with the District Judge that under the circumstances presented here appellants had reasonable cause to believe that Morasco was insolvent on December 27, 1954.

Affirmed.