In the Matter of Fred GRAZIANE, Bankrupt.

No. 39714.

United States District Court
N. D. New York.

Oct. 1, 1958.

McChesney & Kenney, Troy, N. Y., petitioners pro se, Ralph D. Semerad, Troy, N. Y., of counsel.

Cooper, Erving & Savage, Albany, N. Y., for trustee, Charles W. Sims, respondent, Prescott C. Sook, Albany, N. Y., of counsel.

FOLEY, District Judge.

The petitioners in this review of a decision and order of the Referee in Bankruptcy are competent and experienced attorneys at law, engaged in practice as co-partners under the firm name of McChesney and Kenney. The problem presented, in my judgment, is one with a narrow gauge factually and legally. Despite the simplicity in this respect, there is complexity because the solution of the problem entails to a great extent a search for mental attitudes as determined from acts, conduct and circumstances, i. e., the ascertainment of intent. There is also discomfort because the adverse holding of the Referee to the contentions of the petitioners results in the substantial reduction of their apparently well earned fee in an involved State litigation.

■■ The history of this litigation involving Graziane, the bankrupt, as a plaintiff represented by the petitioners is set forth in detail in the Referee's decision. There is also a chronology of the important dates referring to various steps in the State litigation, the taking of the important and fateful mortgage and bond from Graziane, their client, by the petitioners, and other matters in the ensuing bankruptcy of Graziane for whom the petitioners filed the voluntary petition and schedules in bankruptcy (page 4, Referee's decision). Repetition is needless because the outlined facts in the decision upon which the Referee bases his conclusion are mainly writings

and matters of record. The petitioners do challenge certain numbered Findings of the Referee, but such challenge is not pressed in their brief, and the main assault is upon the conclusion of invalidity of the attorneys' lien. These findings, even if considered inferential in some degree, have adequate support in the record and I would be unable to judge them as clearly erroneous as stated. General Order in Bankruptcy 47; Morris Plan Industrial Bank v. Henderson, 2 Cir., 131 F.2d 975; Margolis v. Nazareth Fair Grounds & Farmers Market, Inc., 2 Cir., 249 F.2d 221, 223. It is settled, however, that where credibility of witnesses is not involved and the operative facts are undisputed a District Judge may more freely draw differing inferences (In re Morasco, 2 Cir., 233 F.2d 11, 15) and in such situations questions of law remain open for independent decision of the Judge. In re Sandow et al., 2 Cir., 151 F.2d 807, 809.

The Referee, by a combination of fact finding with deduction and inferences therefrom and application of New York Law, concluded that the petitioners waived their attorneys' charging lien as provided for in Section 475 of the Judiciary Law of New York upon the proceeds of the judgment entered in favor of their client, Graziane. The pivotal fact for this conclusion was the admitted execution of a bond and mortgage by Graziane to the petitioners for $23,411.12 after decision in favor of Graziane had been handed down by the State Court and several months prior to the formal entry of the judgment in the County Clerk's Office. The Referee found that the $23,411.12 amount in the mortgage included the amount of $22,468.57 claimed by the petitioners for professional services and disbursements in the State action. From such unequivocal circumstance, and then consideration of the conduct of the petitioners in relation to such bond and mortgage in the bankruptcy proceedings, the Referee in effect concluded that the petitioners waived their attorneys' lien, accepted a substitute security by the execution of this bond and mortgage incom-

patible with their statutory lien, and indicated a manifest intention by their acts and conduct to do so. It is impossible for me to agree with the petitioners that such deductions and reasoning to reach this result by the Referee is extreme, illogical and unsound. This diagnosis by the Referee is the only approach to a problem of this kind. As we often tell a jury, we cannot look into a person's mind and we can only infer from the actions of persons what they intend to do voluntarily and what they intend as the natural consequence of their actions. It is true that the Referee may have inferred as the petitioners would want it, but in my judgment there is sufficient support in the record for the deduction he made. At the time of the taking of this bond and mortgage, there were several imponderable elements attached to the inchoate attorneys' lien. The judgment had not yet been entered and although it cancelled notes and mortgages for approximately $34,500, the cash proceeds were only in the neighborhood of $13,000. Appeals were always possible and in fact were later taken. If dispute arose with the client the problem of fixing the fee was present and the numerous annotations under Section 475 of the Judiciary Law attest to the many tussles and controversies along that line. The bond and mortgage fixed definitely an amount to be paid within one year contrary to the impress of the statutory lien immediately upon the entry of judgment. The lien of this mortgage upon real property of greater extent and value than that involved in the action, and the personal obligation on the bond remained whether or not there was ultimate defeat in the action. Hindsight now shows that the choice was a bad one, but at the time of the making, without the impact of bankruptcy and probable distress sale in bankruptcy of the real property, it might have been the better. All these circumstances give firm support to the conclusion that this bond and mortgage was inherently inconsistent with the retention of the attorneys' lien under the surrounding circumstances, particularly in view

of the manner in which the petitioners treated the claimed statutory lien during the bankruptcy.

 The next proposition is whether or not the decision and order of the Referee is supported by and in accordance with the Law of New York. It is established that the lien being a matter of substantive law created by a statute of New York, the bounds placed on it by authoritative decisions of the New York courts are bounds on it here. In re McCrory Stores Corp., D.C.S.D.N.Y., 19 F.Supp. 691, 693. Leading New York law does not circumscribe the fact-finding mission as suggested in the petitioners' brief by setting forth a doctrine that only conduct inevitably pointing to waiver and free from all doubt justifies such finding. Judge Cardozo, in Matter of Heinsheimer, 214 N.Y. 361, 108 N.E. 636, does not lay down a principle that makes a conclusion of waiver in these situations next to the impossible. Although the facts are dissimilar to the situation here, a simple guide he gives from the English cases cited is that the facts of the case must be looked at to see whether the solicitor has taken a security incompatible with the existence of his lien, or has made with his client an arrangement which sufficiently indicates the intention of the parties that the right shall no longer be enforced. 214 N.Y. at page 367, 108 N.E. 638. He also compares the charging lien of the attorney with the artisan or mechanic's lien and relates the situations where such hard and fast liens may be waived by inconsistent security or arrangement. 214 N.Y. at page 366, 108 N.E. 638. In my judgment a strong New York case stamped with the approval of its highest court is Application of Redman & Rogers, 1 A.D.2d 975, 151 N.Y.S.2d 30, 31; 1 A.D.2d 1027, 152 N.Y.S.2d 447, 3 N.Y.2d 709, 167 N.Y.S.2d 1025, 145 N.E.2d 894, which ruled that attorneys effectively waived their liens " * * * (2) by the agreement of May 11, 1953, made more than two months after the entry of judgment, whereby they gave the client an extension of time for one year to make

payment, and took an assignment of a mortgage as collateral security for the payment of their fee. * * * ". This element is separately numbered from the first and as I read the decision is sufficient in itself without linkage to the first to justify the finding and conclusion of effective waiver of the attorneys' lien.

In my judgment, the decision and order of the Referee is in accord with the Law of New York covering these situations. The findings of fact, conclusions of law and the order of the Referee are confirmed in all respects, and the petition to review is dismissed.

It is so ordered.