Lindsley McCHESNEY and Thomas V. Kenney, Appellants,

v.

Charles W. SIMS, Trustee in Bankruptcy for Fred Graziane, Appellee.

No. 299, Docket 25445.

United States Court of Appeals
Second Circuit.

Argued April 20, 1959.

Decided May 29, 1959.

McChesney & Kenney, Troy, N. Y. (Ralph D. Semerad, Troy, N. Y., of counsel, on the brief), for appellants.

Cooper, Erving & Savage, Albany, N. Y. (Prescott C. Sook, Albany, N. Y., of counsel), for appellee.

Before LUMBARD, Circuit Judge, and GALSTON and ANDERSON, District Judges.

GALSTON, District Judge.

This is an appeal from the order of the court below confirming an order of a referee in bankruptcy which found that the appellants' attorney's lien was waived and was not a valid and subsisting lien on the assets of this estate.

The facts are substantially as follows:

The appellants are lawyers who represented the bankrupt in litigation in the courts of the State of New York which was commenced prior to the date of the adjudication in bankruptcy, December 28, 1956. In the course of this prior litigation a judgment against one Rowland was obtained in the Supreme Court of New York which was entered on April 2, 1956, from which judgment a timely appeal was later taken. The judgment which was entered on April 2, 1956 was pursuant to a decision filed on October 3, 1955. Subsequent thereto, and on November 15, 1955, the appellants obtained from the bankrupt a bond and mortgage executed by him on certain real property, which bond and mortgage were recorded on November 22, 1955. It is not disputed that the said bond and mortgage were in consideration of legal services and disbursements rendered by the appellants in the action which resulted in the judgment above referred to. The bond and mortgage were in the amount of $23,411.-12, payable in one year with interest at the rate of 6% per annum.

The appellants filed a petition in bankruptcy for Graziane on December 28, 1956, listing themselves as creditors for legal services and disbursements secured by the above mortgage, and listing the above judgment as an asset of the estate. Thereafter, and on April 11, 1957, the appellants filed a secured proof of claim in the bankruptcy proceeding for legal services and disbursements secured by the above mortgage. In May, 1957, the real property secured by the mortgage was ordered sold free and clear of liens, and was sold on August 19, 1957 for a sum which was insufficient to satisfy the mortgage after payment of prior liens. On August 21, 1957, for the first time,

the appellants filed notice of their attorney's lien pursuant to § 475 of the Judiciary Law of the State of New York on the proceeds of the judgment against Rowland.

There is no question that in the first instance the appellants had a statutory charging lien under the Judiciary Law above referred to. Appellants' contention is that by taking the bond and mortgage on November 15, 1955 they merely intended to take additional security. Appellee contends that the taking of the mortgage by the appellants was inconsistent with the retention of the charging lien and was intended to be a substitute therefor.

The referee found that by taking the bond and mortgage the appellants waived their right to assert a charging lien under the Judiciary Law.

Inasmuch as the attorney's lien is a matter of substantive law created by a statute of New York, the limitations placed upon it by decisions of the New York courts are to be followed by this court. See In re McCrory Stores Corporation, D.C., 19 F.Supp. 691.

In approaching the problem presented we are bound by controlling authorities in this circuit which make it clear that the findings of fact of a referee in bankruptcy will not be disturbed unless they are clearly erroneous. See Morris Plan Industrial Bank v. Henderson, 2 Cir., 131 F.2d 975; Margolis v. Nazareth Fair Grounds & Farmers Market, Inc., 2 Cir., 249 F.2d 221; General Order in Bankruptcy No. 47, 11 U.S.C.A. following section 53.

We are here dealing primarily with findings of fact, albeit as to the intention of the parties. Since the credibility of witnesses is not here involved, and since the operative facts are undisputed, the court below and this court may more freely draw differing inferences from the undisputed facts. See In re Morasco, 2 Cir., 233 F.2d 11.

The New York law applicable hereto as found in such authorities as Matter of Heinsheimer, 214 N.Y. 361, 108 N.E. 636 (opinion written by Judge Cardozo in 1915) indicates that the facts of the case must be examined to see whether the attorney has taken a security incompatible with the existence of his lien. The foregoing opinion says, 214 N.Y. at page 368, 108 N.E. at page 638:

> "The agreement in its inception was either consistent with a lien or inconsistent. Whether it was the one or the other must be determined as of the hour of its making."

As of the hour of the making of the agreement with respect to the mortgage, the appellants had a statutory lien on a judgment indefinite in outcome as well as amount, since appeals were possible and were in fact later taken. Secondly, only about $13,000 of the judgment obtained was to be in cash; the balance of the judgment merely declared void certain bonds and mortgages and a note amounting to approximately $34,000. Furthermore the time of payment was indefinite, depending upon the disposition of the appeal. Going further still, the amount of the lien was indefinite, being subject to determination by a New York court. It is pointed out here that pursuant to § 475 of the Judiciary Law of the State of New York an assertion of a charging lien is subject to a hearing before the court. The pertinent provision reads as follows:

> "The court upon the petition of the client or attorney may determine and enforce the lien."

See also Application of Redman & Rogers (Redman & Rogers v. Newitt), 1956, 1 A.D.2d 975, 151 N.Y.S.2d 30, reargument and appeal denied 1 A.D.2d 1027, 152 N.Y.S.2d 447.

Bearing in mind the foregoing uncertainties as to the outcome of the appeal, the time, amount and method of payment of the charging lien, the taking by the appellants of a mortgage for a fixed amount payable at a definite time hardly seems to be compatible with an intention to maintain the existence of the charging lien. Additionally the failure

of the appellants to insert a provision in the mortgage reciting that it was additional security is highly significant in the light of all the other facts presented. Also the subsequent conduct of the attorneys-appellants in failing to file proof of the charging lien in the bankruptcy proceeding (although they filed proof of the mortgage at the time they filed the petition in bankruptcy) until the result of the sale of the mortgaged property became known is more compatible with an intention to relinquish than with an intention to retain the charging lien. In any event the referee's findings that the appellants had waived their attorney's lien certainly are not clearly erroneous. Nor is the decision of the court below clearly erroneous, even when reviewed in the light of the rule above referred to.

The order appealed from is affirmed.