**In re SKRENTNY.**
**MOLNER v. SKRENTNY.**
**No. 10163.**

United States Court of Appeals
Seventh Circuit.

Nov. 2, 1950.

C. A. Caplow and Walter F. Kelley, Chicago, Ill., for appellant.

Roman E. Posanski, Homer V. Johannsen, Chicago, Ill., for appellee.

Before MAJOR, Chief Judge, and KERNER and FINNEGAN, Circuit Judges.

FINNEGAN, Circuit Judge.

Matthew Joseph Skrentny, appellee herein, on May 16, 1949, filed his petition in the United States District Court for the Northern District of Illinois, Eastern Division. He alleged that on April 1, 1942 he filed therein his voluntary petition in bankruptcy; that on December 11, 1942 he was discharged; that among the secured creditors named in the schedules attached to his petition was the Brighton Park State Bank, John A. Pelka, receiver; that the amount of said creditor's claim was $22,463.00, that a judgment for a portion of said secured claim had been entered in favor of said John A. Pelka, receiver in the Superior

Court of Cook County, case 553,138, several years prior to the filing of his said petition in bankruptcy; that on or about May 5, 1942, in said Superior Court of Cook County, case 42 S 3766, said judgment was revived, the revival listing one B. H. Molner as assignee of said judgment; that said B. H. Molner is now attempting to collect said revived judgment, and that petitioner has been served with an execution demanding the sum of $1308.03 for judgment and costs.

Petitioner further represented that said debt, based on the original judgment, was duly scheduled; that petitioner did not know that the debt had been transferred and thus could not have scheduled the debt in the name of B. H. Molner at the time he filed his schedules.

The petitioner prays that the court restrain the said B. H. Molner, his agents and attorneys, and Elmer Michael Walsh, sheriff of Cook County, from enforcing the said judgment of the Superior Court of Cook County; that said restraining order be made permanent, and that he may have such other and further relief as the court may deem proper. The petition is verified.

In his answer respondent, B. H. Molner, admitted the entry, in the Superior Court of Cook County, of a judgment against petitioner and in favor of John A. Pelka, receiver, prior to the alleged bankruptcy, in the sum of $14,463.00. He alleged that said judgment was assigned to him on July 2, 1940, that the balance then due thereon was $1,435.82, and attached a copy of the assignment to his answer.

He further alleged that thereafter on November 22, 1940, he caused a writ of execution to be served upon the petitioner; that the reverse side of such writ contained an endorsement in the following words and figures: "The within judgment assigned to B. H. Molner on July 2, 1940"; that said writ of execution was duly served on petitioner as evidenced by the return of a deputy sheriff thereon; that a photostatic copy of said writ and return is attached to the answer.

It is then alleged that petitioner had notice and knowledge from said execution and endorsement thereon of the assignment of said judgment to respondent prior to the

alleged filing of his bankruptcy petition; that he nevertheless failed to list respondent as a creditor and that he failed to give respondent any notice of his bankruptcy proceedings.

The answer further alleged that on March 16, 1942, respondent exhibited proceedings for the revival of said judgment in the Superior Court of Cook County, cause 42 S 3766; that on the same day he caused a writ of *scire facias* to be issued; that in said *scire facias* the name of respondent appeared four times; that it was directed to be served upon the petitioner at 7833 S. Kingston Avenue, Chicago, Illinois, where petitioner then resided; that on March 17, 1942 said writ was duly served upon the petitioner; that a photostatic copy of said writ and the return thereon is attached, identified as Exhibit "C"; that by reason of the foregoing, petitioner had further notice and knowledge that respondent was a judgment creditor by assignment; that notwithstanding such knowledge petitioner failed to list respondent as a creditor or to include respondent in his schedules; that petitioner failed to give respondent any notice of his bankruptcy proceedings; that petitioner took no action to defend the revival proceedings or to restrain respondent's action thereon.

He further alleged that he had never received any notice of petitioner's alleged bankruptcy proceedings; that he was not listed or scheduled as a creditor therein, and that he did not know of such bankruptcy proceedings until just prior to petitioner's present proceedings; that by reason of the foregoing petitioner was not discharged of said debt.

The answer prays that the petition be dismissed and the relief demanded thereon be denied.

The matter was referred, on petition and answer, to the referee in bankruptcy.

The only witness heard by the referee was the petitioner. The respondent placed in evidence the written assignment of the judgment, as Exhibit 1; the execution mentioned in his answer, and return thereon, as Exhibit "B"; the writ of *scire facias* and the endorsements and return thereon as Exhibit "C"; and the claim for exemption and

the schedule of petitioner's personal property, referred to in the return on Exhibit "B", as respondent's Exhibit "D". Petitioner denied that he had ever seen Exhibits 1 and C. He claimed that he never read any of the exhibits except Exhibit "D".

The referee found in favor of the respondent and on November 28, 1949 entered an order that the judgment in the Superior Court of Cook County, case 553,138, was not discharged by the order of discharge entered in petitioner's bankruptcy proceedings on December 11, 1942.

The referee further ordered that the prayers of the petition for a restraining order against respondent, B. H. Molner, assignee, and for all other relief therein prayed be and the same are each and all denied.

A petition to review the order of the referee was filed by appellee in which it was claimed that certain findings of the referee were contrary to the facts, and that certain findings were contrary to both the law and the facts.

After hearing on review the court, on March 15, 1950, entered a memorandum opinion in which, on reviewing the facts, the court held that the appellee received no notice of the filing of the assignment of judgment to respondent; that the writs of execution and of *scire facias* were left with persons other than the petitioner, and did not under the facts and circumstances, prove that he had notice of the assignment of said judgment to respondent; that the schedule filed by petitioner is devoid of any fact indicating knowledge of the assignment of the judgment.

After discussing the applicable law, the court concludes: "The court therefore holds that the debt was duly scheduled by the bankrupt and was discharged. The objections to the order of the Referee entered November 28, 1949 are sustained."

On March 28, 1950, appellant filed a notice of appeal accompanied by an appeal bond in which he:

" * * * appeals to the United States Court of Appeals for the Seventh Circuit, from the order entered by Judge Walter J. La Buy on March 15, 1950, sustaining peti-

tioner's objections to the Report of Referee Austin Hall.

"Appellant prays that such order be reversed and the cause remanded with directions to affirm the Report and order of the Referee."

The appeal in this case was premature. There is nothing in the nature of a final appealable order by the court shown in this record. We have merely a memorandum of decision by the trial judge that the objections to the referee's report and order were well founded and should be sustained. No other order or direction of any kind can be implied from the opinion.

The trial judge may have intended to implement his ruling by issuing an order for at least a temporary injunction. But no such order was presented to or entered by the court. Cf. Hollingshead v. Bassick, 6 Cir., 50 F.2d 592; Goldie v. Carr, 9 Cir., 116 F.2d 335; Kelso v. MacLaren, 8 Cir., 122 F.2d 867–869; Scott & Co. v. Wilson, 7 Cir., 115 F. 284.

The memorandum opinion of the court cannot be construed to be a final order.

This appeal is therefore dismissed.