In re GURINSKY.

No. 214, Docket 22295.

United States Court of Appeals, Second Circuit.

Argued April 9, 1952.

Decided April 24, 1952.

Irving R. Markowitz, New York City, for appellant.

Weinstein & Levinson, New York City (Frank Weinstein, Samuel J. Levinson and Fred Newman, all of New York City, of counsel), for appellee.

Before CHASE, MARIS and CLARK, Circuit Judges.

PER CURIAM.

The appellee, the trustee in bankruptcy, contested the allowance against the estate of a bankrupt of appellant's claim which was based on promissory notes signed by the bankrupt and secured by a chattel mortgage. The objection was that the notes had been given for money borrowed by the bankrupt upon his promise to pay the claimant interest at a usurious rate, and, therefore, the debt was unenforceable under New York law. The claim was disallowed on that ground and the claimant has appealed.

In New York, where the loans which created the debt were made and were to be repaid with interest, the maximum lawful interest rate is six per cent and an interest rate in excess of that makes the debt unenforceable. General Business Law of New York, McK.Consol.Laws, c. 20, Article 25, §§ 371, 372, 373. And, as it is not to be doubted that the claim was properly disallowed if tainted by usury, the sole question on this appeal is whether the referee's finding affirmed by the district court, that the interest rate agreed upon exceeded six per cent, was clearly erroneous. Fed. Rules Civ.Proc.Rules 52(a), 53(e) (2), 28 U.S.C.A.

The determination of the fact in issue depended to a considerable extent, though not entirely, upon the credibility of witnesses whose testimony, if believed, gave substantial support for the finding made. In the absence of unusual circumstances clearly indicating that a mistake has been made, the referee's judgment as to credibility should be accepted by an appellate court. In re Lozito, 2 Cir., 113 F.2d 764. This is especially so where the district judge has reviewed the evidence and approved the referee's findings. In this instance the evidence in addition to such testimony leaves no fair doubt as to the correctness of the

finding. Some of this corroboration was afforded by entries in the bankrupt's books kept in the course of his business. The appellant's objection to their admission cannot be sustained. Pekelis v. Transcontinental & Western Air, Inc., 2 Cir., 187 F.2d 122, certiorari denied 341 U.S. 951, 71 S.Ct. 1020, 95 L.Ed. 1374.

Affirmed.