In re SKRENTNY.
MOLNER v. SKRENTNY.
No. 10628.

United States Court of Appeals
Seventh Circuit.
Nov. 5, 1952.

Cecil A. Caplow, Walter F. Kelley, Chicago, Ill., for appellant.

Roman E. Posanski, Homer V. Johannsen, Chicago, Ill., for appellee.

Before MAJOR, Chief Judge, and KERNER and FINNEGAN, Circuit Judges.

FINNEGAN, Circuit Judge.

In this case Matthew Joseph Skrentny is the bankrupt-appellee. B. H. Molner is the appellant and assignee of a judgment. Hereafter we shall refer to the bankrupt-appellee as Skrentny and the appellant-assignee as Molner.

Skrentny filed a petition in the District Court on May 16, 1949, alleging that he had been discharged in bankruptcy on December 11, 1942. He sought by such petition to enjoin Molner from enforcing and collecting the balance due on a judgment in the amount of $1308.03, owned by Molner as assignee.

Skrentny's petition and Molner's answer thereto were referred by the District Court, on a general order of reference, to a referee in bankruptcy for hearing and decision. On November 28, 1949, he found that said judgment was owned by Molner, as assignee thereof, and that it had not been duly scheduled; hence Skrentny was not discharged of the obligation to pay such judgment; his order denied the prayers of Skrentny's petition.

Skrentny's petition for review of such findings was certified to the District Court. On March 15, 1950, the court announced and filed a memorandum opinion holding that the debt had been duly scheduled and was discharged.

An appeal was prosecuted to this court from such memorandum opinion. The appeal was dismissed here for lack of a final order. In re Skrentny, 184 F.2d 857.

On April 16, 1952, the District Court, on application of Skrentny, entered a final order enjoining the enforcement of Molner's judgment, to conform to its memorandum opinion above mentioned.

The record discloses that the following facts prompted the filing of Skrentny's petition of May 16, 1949.

On March 15, 1934, a judgment for $14,463.00 was rendered by the Superior Court of Cook County, Illinois, in favor of John A. Pelka, then Receiver of the Brighton Park State Bank, and against Skrentny.

On July 2, 1940, that judgment, upon which a balance of $1435.82 was then due, was assigned by Pelka's successor to Molner. Such assignment was filed and spread of record in the clerk's office of the Superior Court of Cook County on September 10, 1940. On November 22, 1940, Molner procured the issuance of a writ of execution on the judgment. On said writ of execution was endorsed the fact of the assignment to Molner in these words: "The within judgment assigned to B. H. Molner on July 2, 1940."

On November 28, 1940, such writ of execution, bearing the endorsement indicating the assignment, was duly served upon Skrentny at his home by leaving the same with his maid.

On December 6, 1940, in response to said writ of execution so served upon him, Skrentny filed a debtor's schedule claiming his exemption in the office of the Sheriff of Cook County.

On March 16, 1942, Molner filed suit in Superior Court of Cook County to revive the judgment. In that suit he procured the issuance of a writ of scire facias for service on Skrentny. In five places on the face of that writ it was shown that the judgment had been assigned to "B. H. Molner, assignee."

On March 17, 1942, the writ of scire facias was served upon Skrentny at his home, 7833 South Kingston Avenue, Chicago, Illinois, by leaving a copy with his wife. The sheriff also mailed a copy of said writ to Skrentny at his home, through the United States mails. The writ directed his appearance in the Superior Court on the first Monday in April, 1942. Skrentny did not enter his appearance in the revivor proceedings. Instead, on April 1, 1942, he filed his voluntary petition in bankruptcy in the District Court.

In his schedules, he listed John A. Pelka, Receiver of the Brighton Park State Bank, as a creditor to whom was due the sum of $22,463.00. He did not list the assigned judgment in question nor Molner as the assignee and owner thereof.

On May 5, 1942, Skrentny not having appeared in the Superior Court, a judgment of

revivor on said judgment was rendered in favor of Molner, as assignee, and against Skrentny.

On December 2, 1942, in his bankruptcy proceedings, Skrentny filed an amended schedule A–2, wherein he again listed the said John A. Pelka as a creditor holding securities, and with the following description of the debt, "Judgment Superior Court." The judgment in issue was not specifically described nor was Molner listed as its owner. On December 11, 1942, Skrentny was discharged in bankruptcy.

Testimony was adduced and evidence presented before the referee. The District Court heard none of the testimony or evidence.

Skrentny was the only witness before the referee. In his testimony, he said that he went through bankruptcy in 1942; that his bankruptcy schedules showed a judgment in favor of John A. Pelka, as receiver of the Brighton Park State Bank; that he first learned that Molner was the owner of the judgment in 1949; that never, before the hearing, had he seen the writ of execution; that said writ was never served upon him; that he did not remember having ever before seen the writ of scire facias; that he thought that at the hearing before the referee was the first time he had seen such writ; that as of April 1, 1942, when he filed his bankruptcy petition, he did not have notice or knowledge that Molner was the owner of the judgment.

On cross-examination, he again denied that he had ever seen the writ of execution; testified that he did not recall having seen the scire facias writ; he further said that the signature on a debtor's schedule filed in the Sheriff's Office of Cook County on December 6, 1940, in response to the writ of execution looked like his signature. Asked again if he ever saw the writ of execution he replied: "Not to the best of my knowledge, no."

The following exhibits were offered by Molner before the referee and received in evidence.

Exhibit I—Assignment of the judgment to Molner, dated July 2, 1940, and filed of record in the office of the clerk of the Su-

perior Court of Cook County, Illinois, on September 10, 1940.

Exhibit B. Writ of Execution issued on Judgment on November 22, 1940, bearing endorsement of assignment to Molner, and showing service thereof on Skrentny on November 28, 1940.

Exhibit C. Scire Facias Writ for revival of judgment, issued March 16, 1942, bearing legend indicating the assignment to Molner, and showing service on Skrentny on March 17, 1942.

Exhibit D. Debtor's Schedule filed by Skrentny on December 6, 1940, in Sheriff's Office of Cook County, in response to writ of execution.

Section 17 of the Bankruptcy Act, 11 U.S. C.A. § 35, provides that:

"A discharge in bankruptcy shall release a bankrupt from all of his provable debts, whether allowable in full or in part, except such as * * * (3) have not been duly scheduled in time for proof and allowance, with the name of the creditor, if known to the bankrupt, unless such creditor had notice or actual knowledge of the proceedings in bankruptcy".

On the hearing before the referee, it was admitted by counsel for both parties, that under the above-mentioned section of the Bankruptcy Act, the bankrupt's discharge would not be effective against the judgment in question if the bankrupt knew of said judgment, and knew the same had been assigned to B. H. Molner at the time the petition for bankruptcy was filed. Counsel also admitted the counter proposition that the bankrupt's discharge would be effective against the judgment and B. H. Molner if Molner had notice or actual knowledge of the proceedings in bankruptcy.

Before the referee, Skrentny testified that he did not know of the revived assigned judgment before he filed his petition in bankruptcy.

Molner denied that he had ever received any notice of Skrentny's bankruptcy proceedings; that he was not listed or scheduled as a creditor in any manner and did not

know of such bankruptcy until just prior to the filing of Skrentny's petition on May 16, 1949.

After hearing and considering all the testimony and evidence adduced before him, the referee made the following findings:

"1. That the Court has jurisdiction of the parties to such hearing and of the subject matter thereof.

"2. That the Bankrupt filed his bankruptcy petition and schedules in this court on April 1, 1942, and an order of Discharge was entered thereon on December 11, 1942.

"3. That the said bankrupt listed in his said Schedules, among other creditors, one John A. Pelka, Receiver of the Brighton Park State Bank, as owner of a judgment rendered against the bankrupt in the Superior Court of Cook County, Illinois, in Cause No. 553138 of said Court.

"4. That said Judgment against bankrupt, was duly assigned to the respondent, B. H. Molner, on July 2, 1940; and the instrument of Assignment, transferring and selling such judgment to B. H. Molner, was duly filed and spread of record in the office of the Clerk of said Superior Court of Cook County, Illinois, in said Cause No. 553138 of said Court, on September 10, 1940, as evidenced and substantiated by Respondent's Exhibit 1 introduced in evidence.

"5. That thereafter, on November 28, 1940, bankrupt was duly served with a Writ of Execution upon such judgment, and upon which Writ of Execution was endorsed the legend "The within judgment assigned to B. H. Molner on July 2, 1940," at the time of service of such Writ upon bankrupt, as evidenced and substantiated by Respondent's Exhibit B, introduced in evidence.

"6. That thereafter, on March 17, 1942, bankrupt was duly served with a Writ of Scire Facias (for revival of the said judgment), upon which was endorsed in various places on such Writ of Scire Facias language indicating the assignment of said judgment to said B. H. Molner, as evidenced and substantiated by Respondent's Exhibit C introduced in evidence.

"7. That the Bankrupt thereby had notice and knowledge of the assignment of such judgment to the respondent, B. H. Molner, prior to the filing of his bankruptcy petition and schedules.

"8. That thereby the bankrupt was required to list in his bankruptcy schedules, the said B. H. Molner, as Assignee and owner of the said judgment, rather than the person listed by bankupt, in order to be discharged from the obligation to pay such judgment, and as required by the provisions of Section 35 (3) of the Bankruptcy Act, (Title 11, U.S.Code).

"9. That the Bankrupt was not discharged from the obligation to pay the said judgment now held and owned by respondent B. H. Molner, as Assignee thereof, and listed by bankrupt in his schedules in the name of the former owner, namely, John A. Pelka, Receiver of Brighton Park State Bank (such judgment having been rendered against bankrupt in the Superior Court of Cook County, Illinois in Cause No. 553138 of said Court); and the order of discharge, entered in this cause on December 11, 1942, did not and does not embrace a discharge of the said judgment and the debt evidenced thereby, now held and owned by respondent B. H. Molner, as Assignee.

"It Is Therefore Ordered that the said judgment originally rendered in the Superior Court of Cook County, Illinois in favor of John A. Pelka, Receiver and against bankrupt, in Cause No. 553138 of said Superior Court, on March 15, 1934, and assigned to respondent B. H. Molner on July 2, 1940, was not discharged by the order of discharge entered herein on December 11, 1942.

"It Is Furthered Ordered that the prayers of the bankrupt's petition for a restraining order against the said B. H. Molner, Assignee, and for all other

relief therein prayed, be and the same are each and all denied."

Bankruptcy General Order 47, as effective since February 13, 1939, provides in part:

"Unless otherwise directed in the order of reference the report of a referee or of a special master shall set forth his findings of fact and conclusions * * *, and the judge shall accept his findings of fact unless clearly erroneous." 11 U.S.C.A. following section 53.

▪ General Order 47 is binding not only on the Court of Appeals but also on the district judge sitting in Bankruptcy. The findings of a referee in bankruptcy should be accepted by the District Court except in plain cases. Epstein v. Steinfeld, 3 Cir., 210 F. 236–237 and In re Wolf, 3 Cir., appeal of Huggins, 165 F.2d 707–710. In the case at bar we have pointed out generally the testimony and evidence presented to the referee. We can find no good reason for refusing to accept his findings of fact; they appear to us to be supported by substantial evidence. Cf. Morris Plan Industrial Bank v. Henderson, 2 Cir., 131 F.2d 975. In our opinion the District Court erred in setting aside the findings of the referee.

The order appealed from is therefore reversed.