**In re GARDEN CITY BREWERY, Inc.**

**GARDEN CITY BREWERY, Inc.,**

v.

**KNOX et al**

No. 10852.

United States Court of Appeals
Seventh Circuit.

Nov. 25, 1953.

Rehearing Denied Jan. 12, 1954.

George J. Haddad, Wm. J. McCormack, Chicago, Ill., for appellant.

Michael Gesas, Leonard Gesas, Urban Lavery, Livingston E. Osborne, Chicago, Ill., for appellees.

Before MAJOR, Chief Judge, FINNEGAN, Circuit Judge, and PLATT, District Judge.

FINNEGAN, Circuit Judge.

We are asked in this appeal to review an order of the District Court confirming a referee's report and order overruling objections and allowing certain claims.

These proceedings were originally initiated by a creditor's petition filed September 6, 1950, for reorganization under Chapter X of the Bankruptcy Act, 11 U.S.C.A. § 501 et seq. One of the appellees, James E. Kennedy, was thereupon appointed examiner, 11 U.S.C.A. § 568, and subsequently became receiver and trustee of this estate. No plan of reorganization having been proposed, an adjudication of bankruptcy was duly entered May 7, 1951.

The other appellee, G. C. Knox, as assignee, filed proofs of claims numbered 78 to 149, on August 29, 1951. Each of these claims, challenged by bankrupt, carried Knox's power of attorney to Robert C. Hardy. Exhibits which are part of this record show that a copy of each original creditor's assignment to Knox was attached to the appropriate and pertinent proof of claim to which it had reference.

Certified public accountants were employed by the trustee to audit the books and records of this bankrupt.

During the summer of 1952 the bankrupt filed a notice of motion in the court below. We note the contents of that notice because the motion referred to in it, does not appear in this record. Bankrupt's notification recited, in substance, that it would seek by its motion, an order compelling the trustee to interpose objections to the Knox claims. From this notice it also appears that bankrupt sought to have the trustee ordered to collect assets, of the bankrupt, by instituting suit against one Otto Kudrle. The trustee responded by filing an an-

swer setting up, among other things, his want of knowledge of any impropriety or illegality in the acquisition of the claims by Knox or Hardy. This latter pleading contained an express request, by the trustee, that he be furnished with any information concerning claims or demands against Kudrle.

Bankrupt's attack below centered about the ownership of the challenged claims. Tumultuary hearings held before the referee, culminated in his order, entered November 5, 1952. It is the referee's certificate, filed in response to petitions for review requested by certain shareholders and the bankrupt, which underlies the court's order, now before us. That certificate contains the referee's order crystallizing his findings as follows:

"This cause coming on to be heard upon the motion of the attorneys for the bankrupt to disallow claims #78 to #149 inclusive, for the reason said claims filed by G. C. Knox as Assignee were purchased with funds of the Garden City Brewing Company for the special use and benefit of the Garden City Brewing Company, and the court being fully advised in the premises and having heard the testimony of witnesses and the statements and arguments of counsel, Finds:

'That certain creditors of the Garden City Brewing Company for various considerations sold, assigned and transferred to G. C. Knox as Assignee, their claims and did give to G. C. Knox full power and authority to demand, collect, receive and acquire the proceeds of said claims;

'That G. C. Knox gave to Robert C. Hardy powers of attorney which authorized Robert C. Hardy to do each and all of the things specifically mentioned in said powers of attorney attached to the respective claims #78 to #149, inclusive;

'That Robert C. Hardy did purchase from the respective creditors of the Garden City Brewing Com-

pany their claims against said Garden City and did pay to each of said creditors the considerations agreed upon between them;

'That the personal funds of Robert C. Hardy were used in the purchase of said claims;

'That G. C. Knox was the nominee of Robert C. Hardy and she was employed by Robert C. Hardy to facilitate the transaction and she supplied no funds to purchase the claims;

'That the evidence fails to establish the funds of the Garden City Brewing Company were used to acquire said claims, or that said claims were purchased by the Assignee or any other person, for the Garden City Brewing Company or for its use and benefit; and therefore

'It Is Ordered, Adjudged and Decreed that the objections to claims #78 to #149 inclusive, be and the same are hereby overruled and said claims as filed by the Assignee are allowed, subject, however, to certain orders heretofore entered by the undersigned respecting the size and amount of certain of these claims.'"

We treat the District Court's confirmation of the referee's certificate as its adoption of the findings therein contained. Fed.Rules Civ.Proc. rules 52(a), 53(e) (2), 54(a), 28 U.S.C.A. They are not to be lightly cast aside. In re Garvin & Okray, Inc., 6 Cir., 1953, 203 F.2d 690; In re Gurinsky, 2 Cir., 1952, 196 F.2d 296.

Nothing contained in this record warrants departure from our holding in the case of In re Skrentny, 7 Cir., 1952, 199 F.2d 488, 492, wherein we said:

"General Order 47 [1] is binding not only on the Court of Appeals but also on the district judge sitting in Bankruptcy. The findings of a referee in bankruptcy should be accepted by the District Court except in plain cases (citing) * * *."

---

I. General Orders in Bankruptcy, 11 U.S.C.A. following section 53.

This record is void of any credible evidence to support the contentions urged by bankrupt. Hardy's testimony was the pivotal point in the referee's hearings. Weight and credibility to be accorded the testimony sponsored by this witness is best ascertained by the observer, *i. e.,* the referee. Nor is it amiss to note that Hardy is a lawyer, an officer of the court; that his evidence was given under oath, and he was subjected to cross-examination.

The case of In re Luber, D.C.Pa., 1907, 152 F. 492, resting as it does on a jury trial, affords no comfort for the bankrupt who relies on it in support of its point concerning the scope of cross-examination afforded below.

Since the findings of the referee are not plainly erroneous, and are founded on fact, we think the district court rightly confirmed the referee's certificate.

Other points urged by the bankrupt are merely permutations and facets of the core question resolved adversely to its contentions. Accordingly such items do not require individualized treatment in this opinion.

The judgment of the District Court is Affirmed.