In the Matter of PORTAGE WHOLESALE CO., Bankrupt.

Vaughn S. CONWAY, et al., Appellants,

v.

George L. DEVINE, Trustee, etc., Appellee.

Nos. 11024, 11030.

United States Court of Appeals Seventh Circuit.

Nov. 4, 1954.

Maurice M. Loman, Chicago, Ill., David Bogue, T. J. Sanderson, Portage, Wis., T. C. Kammholz, Chicago, Ill., for appellants.

Ross Bennett, Arno J. Miller, Portage, Wis., Arthur W. Lueck, Beaver Dam, Wis., for appellee.

Before FINNEGAN and SCHNACK-ENBERG, Circuit Judges, and PLATT, District Judge.

FINNEGAN, Circuit Judge.

These appeals, arising from unduly protracted bankruptcy proceedings, present questions involving denial of compensation to Vaughn S. Conway, attorney for some creditors, allowance of fees to a successor trustee, Robert M. Goetz, and approval of a $2000 settlement pursuant to stipulation. Our prior affirmance reported as In re Portage Wholesale Co., 7 Cir., 1950, 183 F.2d 959, 20 A.L.R.2d 189, crystallized the status of George L. Devine, appellee here, as trustee of this bankrupt.

■ As part of that case, we were also asked to review an order, entered below, prohibiting Conway from practicing in the district court until such time as he apologized for his actions, to the referee. An examination of the circumstances under which this court made those statements now quoted to us by Conway, from that case, illustrates how inapposite they are to the current question of fees for Conway. A fairer reading of that previous opinion shows we simply evaluated an order, momentarily inhibiting Conway's right to practice, against a backdrop of his conduct. But his gratuitous acts are not automatically compensable, from this bankrupt's estate, merely because we once thought them beyond the pale of contempt. We refuse to disturb, In re Garden City Brewery, Inc., 7 Cir., 1954, 208 F.2d 377, the district judge's confirmation of the referee's findings that, *inter alia*, Conway acted without the requisite authorization.

■ Absent a clear showing that the district judge abused his discretion entering any of the orders challenged by these appeals, and we adhere to our refusal. It seems to us that he correctly disposed of receiver Goetz's petition for full statutory commissions. There is a ceiling on statutory commissions, not a mandate that the maximum must be paid. 11 U.S.C.A. § 76, sub. a(3). Similarly, we will not overturn the $2000 settlement on the showing made in this appeal.

Accordingly, the judgments appealed from in cases numbered 11024 and 11030, respectively, are each affirmed.

Affirmed.