216 F.2d 339
 In the Matter of Ray SIMON, Individually and Ray Simon
Optical Co., etc., et al., Bankrupt.
ROSCOE BIFOCAL CO., Inc., a corporation, Appellant,
v.
Ray SIMON, Individually and as general Partner of Ray Simon
Optical Co., Appellee.
 No. 11166.
 United States Court of Appeals Seventh Circuit.
 Oct. 1, 1954.
Rehearing Denied Nov. 18, 1954.
 
 Arthur Chittick, Chicago, Ill., for appellant.
 Norman H. Nachman, Chicago, Ill., Louis W. Levit, Chicago, Ill., of counsel, for appellee.
 Before LINDLEY, SWAIM, and SCHNACKENBERG, Circuit Judges.
 LINDLEY, Circuit Judge.
 
 
 1
 Appellant, a creditor of Ray Simon, appellee, who was adjudged bankrupt on September 2, 1952, objected to the latter's discharge, filing on March 19, 1953, its amended specifications, three in number, I(a), I(b) and I(c), II(a) and II(b) and III. On March 26, 1953, the referee in bankruptcy dismissed specifications I(c), II and III, leaving on file I(a) and (b) upon which, on March 31, 1953, he made findings of fact and conclusions of law, dismissing both. Upon review the District Court approved the referee's report and order, and directed the discharge to issue.
 
 
 2
 Upon appeal appellant urges that the referee's findings and conclusions, approved by the court, were clearly erroneous and that certain facts in evidence constitute a good cause for denying the discharge, even though they were not included in any specification presented to the District Court. Appellee contends that the findings are based upon ample supporting evidence and that the additional grounds now urged by appellant may not be raised for the first time on appeal.
 
 
 3
 Specifications I(a) and I(b), with which alone we are concerned, charged that the bankrupt had failed to explain satisfactorily losses of and deficiencies in assets, in that (1) an inventory of $80,030.38 at the beginning of the fiscal year, December 1, 1951, had, despite substantial additional purchases of merchandise, shrunk to $22,346.73 and (2) the bankrupt had failed to include in his assets an interest in Option Corporation. The referee found that the inventory on December 1, 1951, was $80,030.38 and at the time of bankruptcy approximately $80,000; that no evidence had been introduced which showed any shrinkage or decrease between the two dates; that, during this period, the bankrupt lost approximately $11,000, which arose from an excess of costs over his gross profits on sales; that the bankrupt had not sustained any unexplained loss or deficiency in assets during the 8 1/2 months' period, but that the loss mentioned resulted from the decline in gross sales and in net earnings during said period; that appellant's contention that at the time of bankruptcy the inventory was in fact $30,000 was not well founded; that that figure was not a cash inventory but the personal estimate of an accountant as to what the assets were wroth on liquidation, even though they had cost $80,000; that the bankruptcy appraisal of $22,346.73 was made without reference to the cost of the merchandise, and that the bankrupt had not failed to explain satisfactorily any loss or deficiency in assets and had not been guilty of any act or failed to perform any duty which could justify denial of a discharge.
 
 
 4
 We have examined the record carefully and conclude that the evidence amply sustains the findings and conclusions of the referee and the trial court. Witnesses testified expressly to the facts recited in the referee's findings, and nothing impeaches their convincing testimony, except the inferences which appellant attempts to draw from them. Obviously it is not for us to accept such inferences or to draw them ourselves; it is for the trier of the facts, who sees and hears the witnesses to pass upon their credibility and to adopt such inferences as may reasonably be drawn from the evidence. It matters not what we would have done; we cannot usurp the functions of the trial court. In re Santos, 7 Cir., 211 F.2d 887; In re Garden City Brewery, Inc., 7 Cir., 208 F.2d 377; In re Skrentny, 7 Cir., 199 F.2d 488.
 
 
 5
 Appellant insists that the evidence indicates that the wife of the bankrupt acquired an interest in Opticon Corporation with funds supplied by her husband, and we assume that his contention is that this was an asset unaccounted for by the bankrupt. Unfortunately, the evidence does not justify such a postulate. The testimony of appellee was that he did not own any interest in Opticon and that the interest held by his wife was purchased by her with $3,600 borrowed by her on life insurance policies assigned to her in 1943.
 
 
 6
 One Scalen testified that in a telephone conversation, the bankrupt intimated that the latter had an interest in Opticon. However, his testimony was indefinite and uncertain, ending with the statement that he 'could not swear to what he did tell me or did not tell me'. Evidently the referee gave no credence to his testimony, but believed the truth lay in the bankrupt's explanation, for he expressly found that the bankrupt had not failed 'satisfactorily to explain any deficiency of assets' or done anything to warrant denial of a discharge. With this resolution of disputed testimony we may not interfere.
 
 
 7
 For the first time on appeal, appellant argues that the bankrupt failed to schedule certain assets, viz., certain insurance policies assigned by him to his wife. Inasmuch as this specification was not presented to the trial court, it is not properly before us on review. In re Waern Bldg. Corp., 7 Cir., 145 F.2d 584, certiorari denied Morrill v. Waern Bldg. Corp., 324 U.S. 871, 65 S.Ct. 1017, 89 L.Ed. 1425; In re Sound, Inc., 7 Cir., 171 F.2d 253, certiorari denied Atwell Bldg. Corp. v. Sound, Inc., 336 U.S. 962, 69 S.Ct. 892, 93 L.Ed. 1114; In re Grosse, 7 Cir., 24 F.2d 305. If appellant desired to pursue the inquiry further than the bankrupt's unequivocal testimony in this respect, it was incumbent upon it to plead the matter in the trial court and avail itself there of such controverting evidence as it could procure from the insurance companies or elsewhere.
 
 
 8
 The judgment is affirmed.