In the Matter of The SUSSIN CORPORATION, a Corporation, Alleged Bankrupt.

Carl E. FREEMAN, Appellant,

v.

The SUSSIN CORPORATION, Appellee.

No. 11304.

United States Court of Appeals Seventh Circuit.

Nov. 8, 1955.

Rehearing Denied Dec. 9, 1955.

Francis B. Stine, Chicago, Ill., for appellant.

Benj. F. Morrison, Harry C. Kinne, Chicago, Ill., for appellee.

Before DUFFY, Chief Judge, and FINNEGAN and SWAIM, Circuit Judges.

FINNEGAN, Circuit Judge.

On several prior occasions, including, *inter alia,* In re Garden City Brewery, 7 Cir., 1954, 208 F.2d 377, we reiterated our reluctance, buttressed by sound precedent, to annul referees' findings, certificates and reports confirmed by district judges sitting in bankruptcy. The prolix record, now before us, is utterly devoid of any legal basis for departing from our prior decisions. We also point out, at the threshold of this opinion that the Sussin Corporation has not yet been adjudicated a bankrupt and any question of its solvency is absent from the cur-

rent appeal. Our order granting supersedeas, entered November 30, 1954, contains its own expiration date. Since the brief and record contain confusing designation of the participants in this proceeding we shall identify them by their respective personal names.

Carl E. Freeman filed a verified involuntary petition, February 20, 1953, to adjudicate Sussin Corporation, incorporated in Illinois, as a bankrupt and thereafter Richard Rex Parkin was appointed receiver. Parkin, acting in that capacity, petitioned for a rule on Freeman seeking to compel the turnover of certain notes and cash. In his single creditor petition, Freeman claimed $13,680 from Sussin for moneys loaned and services rendered. Responding to that petition, Sussin denied both its insolvency and the existence of any indebtedness to Freeman. Sussin also asserted several defensive counter-claims against Freeman. The district judge appointed the receiver, March 20, 1953, at the request of Freeman, through his counsel, and at the same time referred the matter to Referee MacChesney. When that referee's term of office expired the case was referred, generally, to Austin Hall, Referee in Bankruptcy. Freeman's petitions for review of several orders,[1] entered by Hall, were denied and dismissed by order entered September 24, 1954, confirming Hall's report, from which Freeman now appeals. In each of the four instances where he entered orders complained of by Freeman, the Referee filed comprehensive certificates pertaining to Freeman's petitions for review. Freeman, in substance, would have us re-weigh the evidence shown in this 1616 page record and evaluate the credibility[2] of witnesses who appeared be-

[1]. May 3, 1954 (T.R. 1413), the referee's direction to Freeman to turn over eleven notes, signed by Marston & Co., and payable to Sussin; May 4, 1954 (T.R. 1421) dismissing the petition, amended petition, etc., for adjudication of Sussin as a bankrupt; May 21, 1954 (T.R. 1475) ordering the Receiver to turn over certain trucks and a trailer to the "Borrowdale

Brothers"; June 21, 1954 (T.R. 1502) dismissal of intervening petitions of named creditors other than Freeman.

[2]. e.g. The third "contested issue" in Freeman's brief (p. 43): "Whether or not the entire defense of the bankrupt is worthy of any verity in view of the welter of conflicting statements and self-impeachment of the president of the bankrupt."

fore the Referee. We decline to do so. For that reason it is unnecessary to perform an autopsy on the evidence and then state our version of what is traced in the record. Freeman, in our opinion based upon careful examination of his briefs, has, simply raised tenuous points in his appeal.

No sound reason appearing for disturbing the district judge's final order of confirmation, the judgment appealed is affirmed.

Affirmed.

DUFFY, Chief Judge (concurring in result).

The issues before us on this appeal were tried out for several months before two Referees. Freeman filed his single creditor petition on February 20, 1953. Judge Barnes appointed a receiver on March 20, 1953, and on the same date referred the cause to Referee MacChesney by an order of general reference. Referee MacChesney heard a large amount of testimony on such questions as that of adjudication, turn-over of trucks, and other matters. However, Referee MacChesney's term of office expired on June 4, 1953, and he was not reappointed. Testimony thereafter taken before Referee Hall duplicated, in some respects, that given before Referee MacChesney.

I do not agree with the statement in Judge Finnegan's opinion that Freeman has "* * * simply raised tenuous points in his appeal." After studying the record herein, I have concluded that Freeman's contentions on this appeal were not frivolous. True, the record is prolix, but there is much evidence that tends to support Freeman's claims, and had the Referee found in his favor and had these findings been confirmed by the District Court, I would think this Court would be required to affirm on appeal.

Russell W. Borrowdale testified: "I am the Sussin Corporation." It is clearly evident from the record that Borrowdale was the Bankrupt's *alter ego*. There were many transactions between Borrowdale and Freeman, the terms of which were known only to those two persons. There can be no doubt that between May 14, 1952 and September 24, 1952 Freeman advanced considerable sums to Borrowdale. The question of whether Freeman or the Bankrupt owns the Marston promissory notes appears to me to be a close one on this record.

■■ However, Bankruptcy General Order 47, 11 U.S.C.A. following section 53, provides that the judge shall accept the Referee's findings of fact unless clearly erroneous. We have held that the weight to be accorded Referee's findings of fact is similar to the weight to be accorded findings of Masters and verdicts of juries. In re Morris, 7 Cir., 152 F.2d 178. A Referee's order affirmed by the District Court will not be set aside unless clearly erroneous. In re Pringle Engineering & Mfg. Co., 7 Cir., 164 F.2d 299.

Applying these rules I cannot say that the Referee's findings confirmed by the Court, were clearly erroneous. I therefore agree that the judgment of the District Court should be

Affirmed.

SWAIM, Circuit Judge.

For the reasons assigned in Judge DUFFY'S concurring opinion, I also agree that the judgment of the District Court should be Affirmed.