249 F.2d 861
 Matter of HENRY HOLZAPFEL'S SONS, Inc., Bankrupt.
William C. DENNIS, as Trustee, Petitioner-Appellant,
v.
UNITED STATES of America, Respondent-Appellee.
William C. DENNIS, as Trustee in Bankruptcy of Henry Holzapfel's Sons, Inc., Bankrupt,
v.
UNITED STATES of America, Defendant-Appellee.
 No. 12054.
 No. 12055.
 United States Court of Appeals Seventh Circuit.
 December 11, 1957.
 
 Sigmund J. Beck, Indianapolis, Ind., Bernard Landman, Jr., Robert A. Rose, Indianapolis, Ind., Bamberger & Feibleman, Indianapolis, Ind., of counsel, for appellant.
 Charles K. Rice, Asst. Atty. Gen., Myron C. Baum, Attorney, Tax Division, U. S. Department of Justice, Washington, D. C., Don A. Tabbert, U. S. Atty., Indianapolis, Ind., John N. Stull, Acting Asst. Atty. Gen., Lee A. Jackson, I. Henry Kutz, S. Dee Hanson, Attorneys, Department of Justice, Washington, D. C., Jack Chapler Brown, U. S. Atty., James L. Miller, Asst. U. S. Atty., Indianapolis, Ind., for appellee.
 Before FINNEGAN, SCHNACKENBERG, and PARKINSON, Circuit Judges.
 PARKINSON, Circuit Judge.
 
 
 1
 This is an appeal from an order of the District Court denying a petition for review of and affirming an order and judgment entered by the Referee in Bankruptcy on tax claims of the Respondent-Appellee United States of America in the sum of $2,703.12 and from an order of the District Court dismissing the complaint for tax refund of the Plaintiff-Appellant William C. Dennis, as Trustee in Bankruptcy of Henry Holzapfel's Sons, Inc., Bankrupt, for the reason that the order of the District Court in the bankruptcy proceedings was res judicata thereof. The two appeals were consolidated in this court. The same issues tried in the bankruptcy proceedings were joined in the plenary action. Accordingly a decision in the former will be dispositive of the latter.
 
 
 2
 Henry Holzapfel's Sons, Inc. was adjudicated a bankrupt on February 9, 1953 and the Petitioner-Appellant is the duly qualified and acting Trustee in Bankruptcy. He will hereinafter be referred to as the Trustee.
 
 
 3
 Prior to bankruptcy, the Bankrupt filed its income tax returns for the calendar years of 1949, 1950 and 1951 showing respective tax liabilities therefor in the amounts of $1,276.99, $19,081.49 and $8,915.52, and had paid the full amount for the years 1949 and 1950 and the sum of $7,582.62 for the year 1951.
 
 
 4
 On or about November 18, 1953, the Trustee filed a tax return for 1952 showing a net loss of $90,554.93 and also filed amended tax returns for 1949, 1950 and 1951. The amended tax returns were identical with the returns filed by the Bankrupt with the exception of the inventory figures. The tax return of the Bankrupt declared an opening inventory of $105,000 and a closing inventory of $140,000 for 1950 and the amended return filed by the Trustee set up a closing inventory for 1950 in the sum of $65,000. The return of the Bankrupt declared an opening inventory of $140,000 and a closing inventory of $193,500 for 1951 and the amended return filed by the Trustee set up an opening inventory of $65,000 and a closing inventory of $109,500 for 1951. The effect of the reduction of inventory would be to eliminate the profit previously reported in the return filed by the Bankrupt for 1950 and reduce the profit reported for 1951.
 
 
 5
 Simultaneously with the filing of the amended returns by the Trustee, the Trustee filed claims for refund for the years 1949, 1950 and 1951.
 
 
 6
 The Commissioner of Internal Revenue thereafter disallowed the claims for refund, the inventory reduction as claimed in the amended returns and also disallowed cash purchases as proper deductions for 1952 in the amount of $102,300 and cash purchases in the amount of $72,254.93 for 1951. The disallowance of cash purchases negated the 1952 loss reported by the Trustee and the losscarry-back from that year to 1951.
 
 
 7
 The Respondent-Appellee United States of America filed a claim in the bankruptcy proceedings for $4,583.93 for unpaid taxes. The Trustee filed his petition to disallow the claim and filed a counterclaim for affirmative relief. The United States entered a denial to the counterclaim and the issues thus joined were heard by the Referee in Bankruptcy.
 
 
 8
 The Referee heard the evidence and filed his findings of fact and conclusions of law and entered order and judgment in accordance therewith in favor of the United States in the sum of $4,583.93. The Trustee filed a petition for review and the District Court remanded the cause to the Referee for the purpose of making new findings and conclusions.
 
 
 9
 Thereafter the Referee did file new findings and conclusions and entered order and judgment thereon in favor of the United States in the sum of $2,703.12. The Trustee filed petition for review. The District Court denied the petition and affirmed the order and judgment of the Referee and thereafter, on motion of the United States, dismissed the plenary action of the Trustee for refund on the ground of res judicata and these appeals followed.
 
 
 10
 The Trustee asserts that the contested issues are:
 
 
 11
 "1. What was the value of the inventory of the bankrupt-taxpayer as of (a) December 31, 1951, and (b) December 31, 1950?
 
 
 12
 2. Where the cash purchases asserted by the bankrupt-taxpayer in its income tax returns substantiated?",
 
 
 13
 and contends that the presumption of the correctness of the Commissioner's determination disappears upon the presentation of evidence sufficient to support a contrary finding.
 
 
 14
 The question thus presented is a factual one and unless the findings of the Referee upon which he based his order and judgment, as affirmed by the District Court, are clearly erroneous the order and judgment must be affirmed on appeal. In re Garden City Brewery, Inc., 7 Cir., 1954, 208 F.2d 377, 379.
 
 
 15
 It was stipulated by the parties upon trial before the Referee that the inventory figures reported in the income tax returns filed by the Bankrupt were those contained in the books and records of the Bankrupt. The evidence introduced by the Trustee was indefinite and conflicting. It was for the Bankruptcy Court to weigh the evidence and judge the credibility of the witnesses. We cannot say that it was in error in holding that the Trustee failed to sustain the burden of proving that the inventory declared by the Bankrupt in its income tax returns was incorrect and what the correct figures were.
 
 
 16
 The Trustee complains of the Referee's ruling in excluding his Exhibits Nos. 23 and 28. Exhibit No. 23 was a financial statement submitted to a bank for credit by the Bankrupt dated January 16, 1952 showing "Merchandise Raw Material" in the amount of $100,000. Exhibit No. 28 was a tonnage report for December, 1951 which Donald Reid Holzapfel, the Treasurer of the Bankrupt, identified but in relation thereto testified that he could not say that any of it was correct. Accordingly Exhibit No. 28 was clearly inadmissible and Exhibit No. 23 was a self serving declaration and which did not fall within the "business record" exception to the hearsay rule for it was not kept in the regular course of business. In addition had Exhibit No. 23 been admitted its probative value would have been negligible in light of the testimony of Henry D. Holzapfel.
 
 
 17
 The Bankrupt had destroyed the original supporting evidence from which cash purchases could be substantiated. Under the evidence the Referee was justified in concluding there was no basis for making a determination of any of the alleged cash purchases but he did allow cash purchases for 1952 in the sum of $2,500. We fail to see how the Trustee can complain in this particular on this record.
 
 
 18
 The order and judgment of the Referee as affirmed by the District Court being res judicata of the same issues as joined between the same parties in the tax refund plenary action, the District Court was correct in dismissing that action, on motion of the United States, and both orders and judgments are
 
 
 19
 Affirmed.